**Don Gene BOYETTE, Appellant,**

v.

**The STATE of Texas.**

**No. 1282–95.**

Court of Criminal Appeals of Texas, En Banc.

Dec. 16, 1998.

Shawna Reagin, Houston, for appellant.

Alan Curry, Assist. DA, Houston, Matthew Paul, State's Atty., Austin, for the State.

## *OPINION*

PER CURIAM.

Appellant was convicted by a jury of delivery of cocaine. Appellant argued on appeal he was denied his constitutional right to counsel during a critical stage of the proceedings. Specifically, Appellant complained he was not represented by counsel during the time period between the imposition of his sentence and the expiration of the thirty day deadline for filing a motion for new trial. The Court of Appeals agreed, suspended the requirements of former Tex.R.App. P. 31(a), abated the appeal, and remanded the case to the trial court so that Appellant could, with the aid of counsel, file a timely motion for new trial. *Boyette v. State*, 908 S.W.2d 56 (Tex.App. -Houston [1st] 1995). The State filed a petition for discretionary review challenging the appellate court's decision.

At the time the Court of Appeals handed down its decision in *Boyette*, this Court was considering the same issue in *Oldham v. State*, 977 S.W.2d 354 (Tex.Crim.App.1998). In *Oldham*, this Court held the Fourteenth Court of Appeals erred in using Tex.R.App. P. 2(b) to suspend the time limits for filing the defendant's motion for new trial. *Oldham*, op. at 360. This Court further held the defendant failed to overcome the presumption that he was represented by counsel during the time period in which a motion for new trial could be timely filed. *Id.* at 363. The Court of Appeals in the instant case did not have the benefit of this Court's opinion in *Oldham* when it handed down its opinion. Therefore, we summarily grant the State's petition, and remand the case to the Court of Appeals for reconsideration in light of this Court's opinion in *Oldham*.

BAIRD, J., dissents with note.

OVERSTREET, J., dissents.

BAIRD, J., dissents for the reasons stated in his dissenting opinion in *OLDHAM*.