NO. 07-00-0575-CR
NO. 07-00-0576-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 16, 2002

_____

OLLIE GRAY CHAMPION, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 179TH DISTRICT COURT OF HARRIS COUNTY;

NOS. 841383 and 841382; HONORABLE MICHAEL WILKINSON, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

ON ABATEMENT AND REMAND

Appellant Ollie Gray Champion challenges his conviction of two separate charges

of aggravated sexual assault after pleas of guilty and his resulting sentences of 35 years

confinement in the Institutional Division of the Department of Criminal Justice and a

$10,000 fine. In one issue, he asserts that he was deprived of the assistance of counsel during the time period for filing and presenting a motion for new trial in violation of federal and state constitutions.

Appellant was represented at trial by retained counsel and pled guilty to the charges without an agreed recommendation as to punishment. After sentence was imposed on October 10, 2000, appellant filed a pro se notice of appeal on November 2, 2000, and requested appointment of an attorney to represent him on appeal. On the same day, he also filed a pro se motion for new trial in which one of his assertions was that he was denied effective assistance of counsel because he was not adequately explained his waiver of rights and therefore his plea was not knowingly and intelligently made. The motion for new trial was supported by his own affidavit in which he further stated that he agreed to plead guilty in reliance on his attorney's promise he would get probation. The record does not show that the motion was ever presented to the trial court or ruled upon. Counsel was not appointed for appellant until February 6, 2001, after the appeal was abated by this court, because the record showed that appellant had previously been represented by retained counsel, was currently asserting his indigent status, and was requesting appointment of an attorney on appeal.

Appellant argues that, although his motion for new trial was timely filed, he was entitled to counsel during the time to file and present his motion for new trial. Because counsel was not appointed for him until after the 75-day period for the court to rule on the

2

motion had passed, the motion was not presented to the trial court and no hearing was held. In response, the State argues that appellant has failed to rebut the presumption that his trial counsel was still representing him during the time for filing and presenting the motion for new trial because the record does not reflect that his trial counsel ever withdrew or abandoned his representation of appellant.

An indigent defendant is entitled to counsel by the sixth amendment to the federal constitution at every "critical" stage of a criminal prosecution where adversarial proceedings have begun absent a valid waiver. *Upton v. State*, 853 S.W.2d 548, 553 (Tex.Crim.App. 1993). In *Trevino v. State*, 565 S.W.2d 938 (Tex.Crim.App. 1978), it was held that a hearing on a motion for new trial is such a critical stage of a criminal proceeding during which a defendant is entitled to counsel. *Id.* at 940. However, the Court of Criminal Appeals has not yet addressed whether a defendant is entitled to counsel during the time limit for filing a motion for new trial to assist with the preparation and presentation of that motion. *Smith v. State*, 17 S.W.3d 660, 663 n.3 (Tex.Crim.App. 2000); *Oldham v. State*, 977 S.W.2d 354, 360 (Tex.Crim.App. 1998), *cert. denied,* 525 U.S. 1181, 119 S.Ct. 1121, 143 L.Ed.2d 116 (1999). Nevertheless, several courts of appeal have addressed the issue and found such a right to exist. *See Prudhomme v. State,* 28 S.W.3d 114, 119 (Tex.App.-- Texarkana 2000, no pet.); *Hanson v. State,* 11 S.W.3d 285, 288-89 (Tex.App.--Houston [14th Dist.] 1999, pet. ref'd); *Massingill v. State,* 8 S.W.3d 733, 736 (Tex.App.--Austin 1999, no pet.); *Boyette v. State*, 908 S.W.2d 56, 59 (Tex.App.--Houston [1st Dist.] 1995), *remanded on other grounds,* 982 S.W.2d 428 (Tex.Crim.App. 1998).

3

The Court of Criminal Appeals has not found it necessary to address the issue because in the cases before it, the defendant failed to show that he was not represented by counsel. In *Oldham*, the defendant was represented by retained counsel at her trial. She was sentenced on January 13, 1992. She then filed a pro se notice of appeal and indigency. On March 16, 1992, the court found her indigent, and counsel was appointed to represent her. She then sought to have the appeal abated so that the trial court could grant her leave to file a motion for new trial because she was denied her right to counsel during a critical stage of her criminal proceedings. The court found she had failed to show she was denied counsel. *Oldham,* 977 S.W.2d at 361. In so holding, the court noted that the defendant did not file a motion for new trial, never indicated any grounds she would have raised in the motion, never claimed she would be entitled to a hearing on her motion, did not claim she was unable to raise certain issues because she did not first file a motion for new trial, did not claim her trial counsel was ineffective for failing to file a motion for new trial, and did not assert that she was not informed by her trial counsel of the opportunity and grounds to file a motion for new trial. *Id.* There was also nothing in the record to show trial counsel concluded his duties were completed at the end of trial. *Id.* at 362. Therefore, the court held that when a motion for new trial is not filed, there exists a rebuttable presumption that its filing was considered and rejected. Moreover, the fact a pro se notice of appeal was filed only served to show that she was informed of at least some of her rights, and the court would therefore presume she was adequately counseled. *Id.* at 363.

4

In *Smith,* the defendant pled guilty to a lesser offense without an agreed recommendation as to punishment. The adjudication of his guilt was deferred and he was placed on community supervision. Later, the court found he had violated his community supervision and proceeded to adjudicate and assess punishment. The defendant then filed a pro se notice of appeal alleging he received ineffective assistance of counsel at the punishment hearing. He was brought to court where he signed a pauper's oath and requested new counsel, which was appointed, but not until after the time for filing a motion for new trial had expired. On appeal, the defendant argued that he was denied effective assistance of counsel during the time for filing a motion for new trial, which deprived him of the opportunity to develop an appellate record to show he received ineffective assistance of counsel with respect to punishment.

The court found the only distinguishing facts between *Smith* and *Oldham* were that the defendant was claiming his trial counsel was ineffective and he appeared without counsel at the time he signed his pauper's oath. It held these facts were not sufficient to justify a holding different than the one in *Oldham. Smith*, 17 S.W.3d at 663. There was nothing in the record to show that the defendant was not counseled regarding a motion for new trial, and therefore he failed to rebut the presumption that he was adequately represented. *Id.*

Contrary to these two cases, in the case at bar, appellant did file a pro se motion for new trial, in which he alleged as one basis that his trial counsel was ineffective, which

5

rendered his plea involuntary. As already discussed, it has been held that the fact trial counsel was retained and then, for purposes of appeal, the defendant asserts his indigency, does not demonstrate that he is not still represented by his trial counsel. There is nothing in this record to show that trial counsel had withdrawn from representation. Further, the fact that appellant filed a pro se notice of appeal has been held to be some evidence that he was counseled as to his rights and presumably the same logic could extend to the fact appellant filed a pro se motion for new trial. Nevertheless, we are concerned with the possible conflict of interest of retained counsel, who is presumably no longer being paid as his client now claims to be indigent, being able to counsel his client as to the manner and means of asserting counsel's own ineffectiveness at trial. Further, if the hearing on a motion for new trial is a critical stage of a criminal proceeding, we are hard-pressed to make the distinction between the hearing itself and the preparation and presentation of the motion that would entitle one to that hearing.

A motion for new trial is a prerequisite to presenting a point of error on appeal when necessary to adduce facts not in the record. Tex. R. App. P. 21.1. A motion for new trial is to be filed within 30 days after the date the trial court imposes or suspends sentence in open court. Tex. R. App. P. 21.4(a). The motion must then be presented to the trial court within ten days of its filing, unless the trial court permits it to be presented and heard within 75 days from the date when the court imposes or suspends sentence in open court. Tex. R. App. P. 21.6. The court must rule on the motion within that 75-day period, and a motion not timely ruled on by written order is deemed denied after the 75-day period

expires. Tex. R. App. P. 21.8(a) and (c). When a motion for new trial raises matters not determinable from the record which could entitle the movant to relief, the trial judge abuses his discretion in failing to hold a hearing if the allegations are supported by affidavit showing the truth of the matters asserted. *King v. State*, 29 S.W.3d 556, 569 (Tex.Crim.App. 2000).

The facts before us are virtually identical to those in *Prudhomme,* in which the defendant pled guilty to aggravated sexual assault without a recommended sentence for punishment and received a life sentence. On appeal, he contended he was denied the right to counsel during the time period for filing and presenting a motion for new trial. The record showed that Prudhomme was represented by counsel through trial and no motion to withdraw was filed by counsel. However, 25 days after sentence was imposed, Prudhomme sent to the trial court a pro se notice of appeal, a pro se motion to substitute counsel of record, and a pro se "Motion to Withdraw Plea," in which he asserted his plea was involuntary due to ineffective assistance of counsel, which the court considered to be a motion for new trial. His assertion was that his plea was involuntary because he had been told by counsel he would receive probation. Fifty-eight days after sentence was imposed, he signed a pauper's oath and was appointed counsel for appeal. The pro se motion for new trial was never presented to the trial court and a hearing was never requested.

The Texarkana court found the presumption that trial counsel continued to effectively represent Prudhomme during the time for filing a motion for new trial was

7

rebutted by the filing of a pro se motion for new trial complaining of ineffective assistance of counsel, but which neither requested a hearing nor was presented to the court, together with the filing of a pro se notice of appeal and a pro se motion to substitute counsel.[1] *Prudhomme,* 28 S.W.3d at 120. The court also found that Prudhomme was harmed because he asserted a facially plausible claim based on matters outside the record upon which the trial court would have been required to hold a hearing if the motion had been presented and a hearing requested. *Id.* at 120-21.

In the case at bar, appellant filed a pro se notice of appeal, which did not merely request substitution of counsel, but appointment of counsel. He also filed a pro se motion for new trial, which was sufficient to rebut the presumption he had chosen not to present such a motion. Although appellant had retained counsel at trial, he asserted his indigent status for purposes of appeal. This court abated the appeal for appointment of counsel because the record did not reflect that the trial court had ever acted on appellant's request. Moreover, the motion for new trial was based at least in part on a claim of ineffective assistance of counsel, which could create a conflict of interest for his trial attorney in the preparation and argument of the same. The motion was never presented to the trial court and a hearing was not requested. We believe the facts unique to this case rebut the presumption that appellant continued to be represented by counsel and was adequately

---

[1]This was apparently a limited holding because, in a more recent decision, *Yarbrough v. State*, 57 S.W.3d 611 (Tex.App.--Texarkana 2001, pet. ref'd), the same court distinguished the facts in that case from *Prudhomme* by noting that counsel had filed the motion for new trial and there was no claim of ineffective assistance of counsel in the motion which might create a conflict of interest.

counseled. Further, we believe if appellant is entitled to counsel for purposes of a hearing on a motion for new trial, he is entitled to counsel during the time for preparing and presenting that motion for new trial, and his failure to be represented is a violation of his right to counsel under the sixth amendment. Additionally, that error was not harmless because he would have been entitled to a hearing if the motion had been presented to the trial court, and his failure to receive that hearing prevented him from making a record for appellate review.

Therefore, the appeal is abated and remanded to the trial court to the point at which appellant was convicted and sentence imposed. If the motion for new trial is granted, the record shall be supplemented with a copy of the trial court's order. If the motion for new trial is overruled, the record shall be supplemented with the court's order and the reporter's record of any hearing held. At that time, the parties may request an opportunity to brief any issues regarding the court's denial of the motion.

Per Curiam

Publish.