birdwell v. state

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-226-CR

DAVID ANDREW BIRDWELL APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY COURT AT LAW OF PARKER COUNTY

------------

MEMORANDUM 
OPINION
(footnote: 1)
 

------------

Appellant was charged by complaint and information with the offense of assaulting his fifteen-year-old daughter on or about April 5, 2001.  At an August 16, 2001 pretrial hearing, Appellant filed a written application for a court-appointed attorney, stating he was indigent.  After a hearing on the application, the trial court found that Appellant was not indigent and denied the application.  No record was made of this hearing other than the recitals of the order.
  

On October 2, 2001, Appellant signed a document purportedly waiving his right to an attorney and requesting the trial court to proceed.  Within the same document, Appellant acknowledged that he was waiving his right to be represented by an attorney.  While the document provided a boilerplate jury waiver for Appellant to sign, he did not sign it and instead, crossed it out.

On the day the case was set to be tried, Appellant acknowledged his past and present intent to represent himself.  After admonishments by the trial court and an acknowledgment before the court that Appellant’s decision was voluntary, the case was tried, and the jury found Appellant guilty.  The trial court assessed punishment at a fine of $100 and a term of 365 days in jail without probation.  On June 17, 2002, Appellant filed a pro se handwritten notice of appeal.  On July 2, 2002, Appellant filed a handwritten application to proceed in forma pauperis and an application for a court-appointed attorney in the court of appeals.

On appeal, Appellant raises two points, contending the trial court erred and abused its discretion in denying his request for appointed counsel at trial and in failing to provide post-judgment counsel in time for him to file a motion for new trial.  Because we hold that the trial court did not abuse its discretion, we affirm the trial court’s judgment.  

The right to counsel during a criminal action or proceeding is of constitutional dimension.
(footnote: 2)  As the State candidly points out, when a criminal defendant appears in a criminal proceeding without an attorney, the trial judge has an affirmative duty to inquire and to determine whether the defendant is aware of his right to be represented by counsel, whether he intends or desires to obtain counsel, whether he knows he is entitled to appointed counsel if indigent, whether he is indigent, and whether he desires representation by counsel.  Any waiver of the right to representation by counsel must be made voluntarily, knowingly, and intelligently.
(footnote: 3)  Such waiver must be affirmatively shown by the record.
(footnote: 4)  If the defendant is indigent and does not voluntarily, knowingly, and intelligently waive his right to representation by counsel, the trial judge must appoint counsel to represent him.
(footnote: 5)  “
This right to counsel attaches at the formal initiation of adversar[ial] judicial proceedings ‘whether by way of formal charge, preliminary hearing, indictment, information, or arraignment.’”
(footnote: 6) 
 A defendant is entitled to assistance of counsel at any "critical stage" of the prosecution,
(footnote: 7) that is, whenever he needs help “in coping with legal problems or assistance in meeting his adversary."
(footnote: 8)  Thus a defendant has a right to counsel for pretrial motions and hearings, trial, posttrial motions and hearings, and a first appeal when such appeal is authorized by a state.
(footnote: 9)  

A pretrial conference was held on August 16, 2001, while Appellant was out on bond pending trial.  At that conference, Appellant filed a written application for a court-appointed attorney and a sworn statement claiming that he was indigent.  In the application, Appellant stated that he was unemployed.  The trial court conducted a hearing on the application and found that Appellant was not indigent and denied his request for court-appointed counsel.  No record was made of that hearing.  On October 2, 2001, Appellant executed a waiver of his right to counsel.  Trial began before a jury on June 3, 2002.  At the time the case was called for trial, Appellant stated that his waiver of counsel was voluntary, and he was orally admonished upon his waiver.

We review the trial court’s determination that Appellant was not indigent and was not entitled to appointed counsel at trial under an abuse of discretion standard.
(footnote: 10)  We must determine whether the trial court acted “without reference to any guiding rules and principles” and whether the court’s act was “arbitrary or unreasonable.”
(footnote: 11)  A trial court abuses its discretion when its ruling is “outside the zone of reasonable disagreement.”
(footnote: 12)  The release of a defendant on bond does not alone defeat a claim of indigence.
(footnote: 13)  

In the record before us, though, several pieces of evidence in addition to the fact that Appellant was free on bond pending trial support the trial court’s finding that Appellant was not indigent.  During the punishment phase of Appellant’s trial, Weldon Brett Lane, an investigator for the county attorney’s office of Parker County, testified that he had interviewed Appellant on June 16, 2001, almost a year before trial began and only two months before Appellant filed his application for a court-appointed attorney for trial.  Lane testified that Appellant had told him that he had been employed for six years and eight months at the same job and that he had been on his current job for over a year. Additionally, during the punishment phase of trial, Appellant argued that if he went to jail instead of being granted work release, he would be fired from the “best job” he had ever had, working for an engineering firm installing the air conditioning in newly built high schools.  He told the court that he was a working man who went out and worked eight hours a day.  Further, immediately after sentencing, Appellant asked for a delay of twenty-four hours  in reporting to jail to begin his sentence.  He filed an affidavit in support of his request for work release, swearing that he was employed by Dean Engineering of Fort Worth, Texas.  Also, on July 31, 2002, at his appeal bond hearing, Appellant stated that if he were released on bond, he would probably be able to hire a lawyer to handle his appeal “within a very short time.”

 On August 2, 2002, Appellant wrote a letter to the trial judge and stated, 

I was willing to be released on Bond and be responsible for my own Appellate Attorney, my own transcript, etc. [sic] so the County did not have to pay for it.  But Stephanie Alvorada (County Attorney) then started wanting to make a bunch of conditions she don’t have the authority to make. I demand that the Court instruct the County Attorney that her case is over and any other actions she makes should go through my ex-wife that happens to be the managing conservator of my child.  I won’t agree to the conditions because it only lends credibility to the outright lies she told at my trial for which I will prove on Appeal. . . .  In any event, if I am not released on bond in the next 24 hrs. of your receiving this correspondence then I am requesting to be brought back to your Court to proceed with an indigency hearing and appointed counsel, provided a transcript, and an investigator. . . .  I either want out on Bond to get my attorneys or be brought back to your court and appointed them.

On August 7, 2002, Appellant wrote a letter to the trial judge stating, 

I have received [the] Order setting Appeal Bond & Conditions but I do not have $2,000.00, therefore I am requesting an attorney for my Appeal at the earliest possible moment.  Even if I did have $2,000.00 I would not accept the conditions. . . .  Simple fact is, I didn’t get a fair trial!  I do expect a fair Appeal, and beg you to Appoint me Counsel immediately.  Also, since I am refusing your Appeal Bond . . . .

On August 14, 2002, the trial court signed an order appointing counsel for Appellant on appeal. 

Considering the record as a whole, we cannot conclude that the trial court abused its discretion in holding that Appellant was not indigent at the time of trial and denying him court-appointed counsel.  Nor do we hold that the trial court abused its discretion in failing to appoint counsel immediately upon conviction.  The trial court set an appeal bond and Appellant represented to the court that he was employed.  When Appellant requested appointed counsel for appeal, the trial court appointed appellate counsel. 

Because we hold that the trial court did not abuse its discretion in finding that Appellant was not indigent at the pretrial hearing and in waiting until after Appellant requested appointed counsel on appeal to appoint appellate counsel, we overrule Appellant’s two points on appeal and affirm the trial court’s judgment.

LEE ANN DAUPHINOT

JUSTICE

PANEL A: CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b) 

[DELIVERED MARCH 13, 2003]

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See
 U.S. 
Const. 
amends. V, VI, XIV; 
Tex. Const. 
art. I, §§ 10, 19; 
see also
 Tex. Code Crim. Proc. Ann. 
art. 1.051 (Vernon Supp. 2003).

3:
Faretta v. California
, 422 U.S. 806, 835, 95 S. Ct. 2525, 2541 (1975).

4:
Id.
; 
Johnson v. State
, 760 S.W.2d 277, 286 (Tex. Crim. App. 1988).

5:
Oliver v. State
, 872 S.W.2d 713, 715 (Tex. Crim. App. 1994).

6:
Robinson v. State
, 851 S.W.2d 216,
 224 (Tex. Crim. App. 1991) (quoting 
Brewer v. Williams
, 430 U.S. 387, 398, 97 S. Ct. 1232, 1239 (1977)), 
cert. denied
, 512 U.S. 1246 (1994). 

7:
Estelle v. Smith
, 451 U.S. 454, 470, 101 S. Ct. 1866, 1877 (1981).

8:
Green v. State
, 872 S.W.2d 717, 720 (Tex. Crim. App. 1994) (quoting
 
United States v. Ash
, 413 U.S. 300, 313, 93 S. Ct. 2568, 2575 (1973)).

9:
White v. Maryland
, 373 U.S. 59, 60, 83 S. Ct. 1050, 1051 (1963) (preliminary hearing); 
Douglas v. California
, 372 U.S. 353, 358, 83 S. Ct. 814, 817 (1963) (first appeal of right); 
Hamilton v. Alabama,
 368 U.S. 52, 54, 82 S. Ct. 157, 158-59 (1961) (arraignment); 
Trevino v. State
, 565 S.W.2d 938, 940 (Tex. Crim. App. 1978) (hearing on motion for new trial);
 Champion v. State
, 82 S.W.3d 79, 83 (Tex. App.—Amarillo 2002, no pet.) (the time period in which the motion for new trial is to be prepared and presented to trial court);

see Green
, 872 S.W.2d at 721 (examining trial).

10:
Newman v. State
, 937 S.W.2d 1, 3 (Tex. Crim. App. 1996);
 Rosales v. State
, 748 S.W.2d 451, 455 (Tex. Crim. App. 1987), 
cert. denied
, 487 U.S. 1241 (1988).  

11:
Montgomery v. State
, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990).

12:
Burden v. State
, 55 S.W.3d 608, 615 (Tex. Crim. App. 2001).

13:
See
 Tex. Code Crim. Proc. Ann.
 art. 26.04(l).