COURT OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-226-CR
 
DAVID ANDREW BIRDWELL       
           
           
           
           
APPELLANT
V.
THE STATE OF TEXAS           
           
           
           
           
    STATE
------------
FROM COUNTY COURT AT LAW OF PARKER COUNTY
------------
MEMORANDUM OPINION
(1)
------------
Appellant was charged by complaint and
information with the offense of assaulting his fifteen-year-old daughter on or
about April 5, 2001. At an August 16, 2001 pretrial hearing, Appellant filed a
written application for a court-appointed attorney, stating he was indigent.
After a hearing on the application, the trial court found that Appellant was not
indigent and denied the application. No record was made of this hearing other
than the recitals of the order.
On October 2, 2001, Appellant signed a
document purportedly waiving his right to an attorney and requesting the trial
court to proceed. Within the same document, Appellant acknowledged that he was
waiving his right to be represented by an attorney. While the document provided
a boilerplate jury waiver for Appellant to sign, he did not sign it and instead,
crossed it out.
On the day the case was set to be tried,
Appellant acknowledged his past and present intent to represent himself. After
admonishments by the trial court and an acknowledgment before the court that
Appellant's decision was voluntary, the case was tried, and the jury found
Appellant guilty. The trial court assessed punishment at a fine of $100 and a
term of 365 days in jail without probation. On June 17, 2002, Appellant filed a
pro se handwritten notice of appeal. On July 2, 2002, Appellant filed a
handwritten application to proceed in forma pauperis and an application for a
court-appointed attorney in the court of appeals.
On appeal, Appellant raises two points,
contending the trial court erred and abused its discretion in denying his
request for appointed counsel at trial and in failing to provide post-judgment
counsel in time for him to file a motion for new trial. Because we hold that the
trial court did not abuse its discretion, we affirm the trial court's judgment.
The right to counsel during a criminal
action or proceeding is of constitutional dimension. (2)
As the State candidly points out, when a criminal defendant appears in a
criminal proceeding without an attorney, the trial judge has an affirmative duty
to inquire and to determine whether the defendant is aware of his right to be
represented by counsel, whether he intends or desires to obtain counsel, whether
he knows he is entitled to appointed counsel if indigent, whether he is
indigent, and whether he desires representation by counsel. Any waiver of the
right to representation by counsel must be made voluntarily, knowingly, and
intelligently.(3) Such waiver must be
affirmatively shown by the record.(4) If the
defendant is indigent and does not voluntarily, knowingly, and intelligently
waive his right to representation by counsel, the trial judge must appoint
counsel to represent him.(5) "This right to
counsel attaches at the formal initiation of adversar[ial] judicial proceedings
'whether by way of formal charge, preliminary hearing, indictment, information,
or arraignment.'"(6) A defendant is entitled
to assistance of counsel at any "critical stage" of the prosecution,(7)
that is, whenever he needs help "in coping with legal problems or
assistance in meeting his adversary."(8)
Thus a defendant has a right to counsel for pretrial motions and hearings,
trial, posttrial motions and hearings, and a first appeal when such appeal is
authorized by a state.(9)
A pretrial conference was held on August
16, 2001, while Appellant was out on bond pending trial. At that conference,
Appellant filed a written application for a court-appointed attorney and a sworn
statement claiming that he was indigent. In the application, Appellant stated
that he was unemployed. The trial court conducted a hearing on the application
and found that Appellant was not indigent and denied his request for
court-appointed counsel. No record was made of that hearing. On October 2, 2001,
Appellant executed a waiver of his right to counsel. Trial began before a jury
on June 3, 2002. At the time the case was called for trial, Appellant stated
that his waiver of counsel was voluntary, and he was orally admonished upon his
waiver.
We review the trial court's determination
that Appellant was not indigent and was not entitled to appointed counsel at
trial under an abuse of discretion standard.(10)
We must determine whether the trial court acted "without reference to any
guiding rules and principles" and whether the court's act was
"arbitrary or unreasonable."(11) A
trial court abuses its discretion when its ruling is "outside the zone of
reasonable disagreement."(12) The release
of a defendant on bond does not alone defeat a claim of indigence.(13)
In the record before us, though, several
pieces of evidence in addition to the fact that Appellant was free on bond
pending trial support the trial court's finding that Appellant was not indigent.
During the punishment phase of Appellant's trial, Weldon Brett Lane, an
investigator for the county attorney's office of Parker County, testified that
he had interviewed Appellant on June 16, 2001, almost a year before trial began
and only two months before Appellant filed his application for a court-appointed
attorney for trial. Lane testified that Appellant had told him that he had been
employed for six years and eight months at the same job and that he had been on
his current job for over a year. Additionally, during the punishment phase of
trial, Appellant argued that if he went to jail instead of being granted work
release, he would be fired from the "best job" he had ever had,
working for an engineering firm installing the air conditioning in newly built
high schools. He told the court that he was a working man who went out and
worked eight hours a day. Further, immediately after sentencing, Appellant asked
for a delay of twenty-four hours in reporting to jail to begin his sentence. He
filed an affidavit in support of his request for work release, swearing that he
was employed by Dean Engineering of Fort Worth, Texas. Also, on July 31, 2002,
at his appeal bond hearing, Appellant stated that if he were released on bond,
he would probably be able to hire a lawyer to handle his appeal "within a
very short time."
On August 2, 2002, Appellant wrote a
letter to the trial judge and stated,

 I was willing to be released on Bond and
 be responsible for my own Appellate Attorney, my own transcript, etc. [sic] so
 the County did not have to pay for it. But Stephanie Alvorada (County
 Attorney) then started wanting to make a bunch of conditions she don't have
 the authority to make. I demand that the Court instruct the County Attorney
 that her case is over and any other actions she makes should go through my
 ex-wife that happens to be the managing conservator of my child. I won't agree
 to the conditions because it only lends credibility to the outright lies she
 told at my trial for which I will prove on Appeal. . . . In any event, if I am
 not released on bond in the next 24 hrs. of your receiving this correspondence
 then I am requesting to be brought back to your Court to proceed with an
 indigency hearing and appointed counsel, provided a transcript, and an
 investigator. . . . I either want out on Bond to get my attorneys or be
 brought back to your court and appointed them.

On August 7, 2002, Appellant wrote a
letter to the trial judge stating,

 I have received [the] Order setting
 Appeal Bond & Conditions but I do not have $2,000.00, therefore I am
 requesting an attorney for my Appeal at the earliest possible moment. Even if
 I did have $2,000.00 I would not accept the conditions. . . . Simple fact is,
 I didn't get a fair trial! I do expect a fair Appeal, and beg you to Appoint
 me Counsel immediately. Also, since I am refusing your Appeal Bond . . . .

On August 14, 2002, the trial court signed
an order appointing counsel for Appellant on appeal.
Considering the record as a whole, we
cannot conclude that the trial court abused its discretion in holding that
Appellant was not indigent at the time of trial and denying him court-appointed
counsel. Nor do we hold that the trial court abused its discretion in failing to
appoint counsel immediately upon conviction. The trial court set an appeal bond
and Appellant represented to the court that he was employed. When Appellant
requested appointed counsel for appeal, the trial court appointed appellate
counsel.
Because we hold that the trial court did
not abuse its discretion in finding that Appellant was not indigent at the
pretrial hearing and in waiting until after Appellant requested appointed
counsel on appeal to appoint appellate counsel, we overrule Appellant's two
points on appeal and affirm the trial court's judgment.
                                                                       
LEE ANN DAUPHINOT
                                                                       
JUSTICE
PANEL A: CAYCE, C.J.; LIVINGSTON and
DAUPHINOT, JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
[DELIVERED MARCH 13, 2003]

1. See Tex. R. App. P. 47.4.
2. See U.S. Const. amends. V, VI, XIV; Tex.
Const. art. I, §§ 10, 19; see also Tex. Code Crim. Proc. Ann. art.
1.051 (Vernon Supp. 2003).
3. Faretta v. California, 422 U.S. 806, 835, 95
S. Ct. 2525, 2541 (1975).
4. Id.; Johnson v. State, 760 S.W.2d
277, 286 (Tex. Crim. App. 1988).
5. Oliver v. State, 872 S.W.2d 713, 715 (Tex.
Crim. App. 1994).
6. Robinson v. State, 851 S.W.2d 216, 224 (Tex.
Crim. App. 1991) (quoting Brewer v. Williams, 430 U.S. 387, 398, 97 S.
Ct. 1232, 1239 (1977)), cert. denied, 512 U.S. 1246 (1994).
7. Estelle v. Smith, 451 U.S. 454, 470, 101 S.
Ct. 1866, 1877 (1981).
8. Green v. State, 872 S.W.2d 717, 720 (Tex.
Crim. App. 1994) (quoting United States v. Ash, 413 U.S. 300, 313, 93
S. Ct. 2568, 2575 (1973)).
9. White v. Maryland, 373 U.S. 59, 60, 83 S. Ct.
1050, 1051 (1963) (preliminary hearing); Douglas v. California, 372
U.S. 353, 358, 83 S. Ct. 814, 817 (1963) (first appeal of right); Hamilton
v. Alabama, 368 U.S. 52, 54, 82 S. Ct. 157, 158-59 (1961) (arraignment); Trevino
v. State, 565 S.W.2d 938, 940 (Tex. Crim. App. 1978) (hearing on motion for
new trial); Champion v. State, 82 S.W.3d 79, 83 (Tex. App.--Amarillo
2002, no pet.) (the time period in which the motion for new trial is to be
prepared and presented to trial court); see Green, 872 S.W.2d at 721
(examining trial).
10. Newman v. State, 937 S.W.2d 1, 3 (Tex. Crim.
App. 1996); Rosales v. State, 748 S.W.2d 451, 455 (Tex. Crim. App.
1987), cert. denied, 487 U.S. 1241 (1988).
11. Montgomery v. State, 810 S.W.2d 372, 380
(Tex. Crim. App. 1990).
12. Burden v. State, 55 S.W.3d 608, 615 (Tex.
Crim. App. 2001).
13. See Tex. Code Crim. Proc. Ann. art.
26.04(l).