NO. 07-04-0090-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

NOVEMBER 16, 2004

_____

AMADOR SALAZAR, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2002-400255; HONORABLE JIM BOB DARNELL, JUDGE

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**ON MOTION TO ABATE**

Amador Salazar seeks abatement of his appeal from his conviction for aggravated assault for the purpose of a hearing to determine whether he was denied the assistance of counsel in the preparation and presentation of a motion for new trial.

At trial appellant was represented by retained counsel and was found guilty by a jury. The record reflects sentence was imposed December 12, 2003. The record contains a March 3, 2004 order of the trial court reciting the court received a hand-written notice of appeal from appellant "shortly" after sentence was imposed but that it does not appear in the record.[1] On the court's request, trial counsel prepared and filed a second notice of appeal on March 3, 2004. Appellate counsel was appointed on March 5, 2004.

Citing our opinion in *Champion v. State*, 82 S.W.3d 79 (Tex.App.–Amarillo 2002, no pet.), appellant argues he was denied the assistance of counsel during the time for preparing and presenting a motion for new trial. In *Champion* we followed other courts of appeals in holding the time for filing a motion for new trial is a critical stage during which a criminal defendant has the right to counsel, and that denial of that right entitles the defendant to an opportunity to file a motion for new trial with the assistance of counsel. 82 S.W.3d at 81. We had previously abated the appeal in *Champion* and remanded to the trial court for a hearing to determine whether the defendant was deprived of the assistance of

_____

[1]A timely filed notice of appeal is, of course, essential to our jurisdiction over the appeal. *Slaton v. State*, 981 S.W.2d 208 (Tex.Crim.App. 1998); *Olivo v. State*, 918 S.W.2d 519 (Tex.Crim.App. 1996). We take the trial court's statement in its March 3, 2004 order that it received appellant's notice of appeal of his conviction and sentence "shortly" after sentence was imposed to mean that the notice was received within thirty days of sentencing. Tex. R. App. P. 26.2. That conclusion is supported by the statement made by appellant's trial counsel following sentencing that he was then preparing a hand-written notice of appeal for appellant. Based on the record before us, we conclude we have jurisdiction over the appeal.

counsel. *Champion v. State*, No. 07-00-0575-CR (Tex.App.–Amarillo October 4, 2001, no pet.) (not designated for publication).

When a denial of the right to counsel in presentation of a motion for new trial is found, several courts, including this one, have given effect to that right through a second abatement for the purpose of the filing of the motion and a hearing on the motion. *Champion*, 82 S.W.3d at 83-4; *Jack v. State,* 64 S.W.3d 694 (Tex.App.–Houston [1ˢᵗ Dist.] 2002, pet. dism'd); *Prudhomme v. State*, 28 S.W.3d 114 (Tex.App.–Texarkana 2000, no pet.).

The Court of Criminal Appeals disapproved courts of appeals' use of former Rule of Appellate Procedure 2(b) as authority for abatement for the purpose of trial court consideration of an out-of-time motion for new trial, but encouraged, in this context, the use of legally-permissible means to resolve issues "sooner rather than later." *Oldham v. State*, 977 S.W.2d 354 (Tex.Crim.App. 1998). *See also Jack v. State*, No. 0413-02, 2004 WL 574533 (Tex.Crim.App. March 24, 2004); *Smith v. State*, 17 S.W.3d 660 (Tex.Crim.App. 2000).

The initial question is whether appellant can establish he was not represented by counsel during the time for filing a motion for new trial. In *Oldham*, the court found the defendant was not entitled to file an untimely motion for new trial because he failed to overcome the presumption that he was represented by counsel and that counsel acted effectively. 977 S.W.2d at 363. The court there made an independent examination of the

record in search of evidence "showing that trial counsel thought his duties were completed with the end of the trial, and had thereafter abandoned the appellant." *Id.* at 363. It held the filing of a pro se notice of appeal and appointment of appellate counsel sixty-two days after sentencing were insufficient. The court also noted the defendant never stated the grounds she sought to assert in a motion for new trial or that her ability to prosecute her appeal was impaired by her failure to file, or obtain a hearing on, a motion for new trial. *Id.* at 361. The court in *Smith* similarly found the defendant failed to overcome the presumption he was adequately represented at the critical stage. 17 S.W.3d at 663.

Appellant's motion seeks to address each of the deficiencies discussed in *Oldham* and cases following it. With regard to the assistance of counsel he received in preparing and presenting, or deciding not to file, a motion for new trial, appellant points to the following exchange after sentence was pronounced:

Court: [ ] And [defense counsel] Mr. Hobson will visit with you with regard to your rights concerning an appeal.

Mr. Hobson: Judge, I had already anticipated, you are telling me to visit about the rights of appeal. It is [appellant's] current decision . . . to do that. He is going to request, though, that you fill out whatever he needs to do regarding indigency because I don't think he has the money to do that. And would you want him to write you a letter? How do you want it?

Court: He is not going anywhere, so I don't need that.

Mr. Hobson: I am preparing kind of a written notice of appeal I am going to give him and have him mail it to the court. If that is your desire, you have to

-4-

do that within 30 days from today's date. And if you can't – I will put in there that if you can't afford a lawyer, he may bring you back over for a hearing, and you will have to swear to it, whatever.

As noted, the record also contains the trial court's statement that he received a hand-written notice of appeal "shortly" after sentence was imposed. It also shows appellate counsel was not appointed until 84 days after sentence was imposed.[2]

Appellant's motion to abate contains a detailed discussion of the grounds he intends to assert in a motion for new trial. Those grounds include allegations the State failed to provide exculpatory material as required by the federal constitution. *See Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Appellant asserts that, if given the opportunity, he will seek a hearing to develop the record to establish the State violated the requirements of *Brady* by failing to disclose the criminal history of a State's witness. He also cites *Gardner v. State*, 959 S.W.2d 189 (Tex.Crim.App. 1998), for the proposition that the failure to develop the record on direct appeal could preclude presentation of the issue by habeas corpus. *Id.* at 199.

---

[2]Appellant has attached an undated affidavit of his trial counsel to his motion for abatement which states that after preparing a written notice of appeal for appellant to sign and provide to the court "I was under the impression that this fulfilled my obligation to Mr. Salazar. . . . I had indicated to the Court that I was not interested in handling the appeal or any post trial motions (new trial). I was surprised to learn that an attorney was not appointed until much later. I do not recall having any conversations with Mr. Salazar about filing a motion for new trial or motion for new trial practice." In *Jack*, the Court of Criminal Appeals cited *Hill v. State*, 90 S.W.3d 308, 314 (Tex.Crim.App. 2002), for the proposition that we may not consider an affidavit outside the appellate record. 2004 WL 574533, n. 1.

The record before us concerning appellant's representation after the trial contains more information that was present in *Oldham* and *Smith*. However, the factual questions presented by appellant's motion should be addressed by the trial court after a hearing. Consequently, we abate this appeal and remand the case to the trial court. Tex. R. App. P. 44.4. On remand the court shall cause notice to be given and conduct a hearing to determine whether appellant was deprived of the assistance of counsel during the time for preparation and presentation of a motion for new trial. After conducting the hearing, the trial court shall make and file findings of fact and conclusions of law. The court shall cause to be prepared a supplemental clerk's record and reporter's record of the hearing. The supplemental records shall be filed in this court by December 29, 2004.

Per Curiam

Do not publish.