Amador SALAZAR, Appellant,

v.

The STATE of Texas, Appellee.

No. 07–04–0090–CR.

Court of Appeals of Texas, Amarillo.

April 6, 2005.

Paul E. Mansur, Denver City, for appellant.

Nick Moutos, Appellate Atty., Lubbock, for appellee.

Before QUINN and REAVIS and CAMPBELL, JJ.

### ON ABATEMENT AND REMAND

PER CURIAM.

Appellant Amador Salazar seeks abatement and remand of this appeal challenging his conviction of the felony offense of aggravated assault so that he may file a motion for new trial with the assistance of counsel. We grant the motion and abate his appeal.

At trial appellant was represented by retained counsel and was found guilty by a jury. The record reflects sentence was imposed December 12, 2003. No timely motion for new trial was filed. In a March 3, 2004 order the trial court recited that appellant provided hand-written notice of appeal to the trial court judge "shortly" after sentence was imposed but that it does not appear in the record.[1] At the trial court's request, trial counsel prepared and filed a second notice of appeal on March 3, 2004. Appellate counsel was appointed on March 5, 2004.

The appellate record was complete on the filing of the reporter's record in June 2004. In a motion filed October 13, 2004 appellant asserted he had been denied the assistance of counsel during the time for preparation and presentation of a motion for new trial. He argued that a motion for new trial and hearing thereon were necessary to establish facts not shown in the record. Appellant's motion acknowledged the record was inadequate to overcome the presumption he was adequately represented during the time for filing a motion for

---

1. The trial court subsequently made a finding that the notice of appeal was provided within the thirty day period for perfecting appeal.

new trial. *See Oldham v. State*, 977 S.W.2d 354 (Tex.Crim.App.1998). He sought abatement of the appeal and remand to the trial court for a hearing to present evidence necessary to overcome that presumption.

In an opinion issued November 16, 2004, we reaffirmed our holding in *Champion v. State*, 82 S.W.3d 79, 83–84 (Tex. App.-Amarillo 2002, no pet.), that the time for preparation and presentation of a motion for new trial is a critical stage at which the right to the assistance of counsel attaches. *Salazar v. State*, No. 07–04–0090–CR, 2004 WL 2608303, (Tex.App.-Amarillo November 16, 2004). Agreeing that the record failed to establish he had been denied the assistance of counsel, we abated the appeal and remanded it for a hearing to provide the trial court an opportunity to make a factual determination on that question. *Id.*

The trial court conducted a hearing in accordance with this court's order on December 3, 2004. At that hearing appellant presented his own testimony and that of his trial counsel. Appellant's trial counsel stated he discussed only the filing of a notice of appeal with appellant and did not recall discussing any post-trial motions. He stated that at the conclusion of the trial he viewed his obligation to appellant as complete. Appellant testified his trial counsel never discussed the filing of a motion for new trial. The State did not question the witnesses or present any evidence at the hearing.

The trial court made and filed findings of fact and conclusions of law. The court found appellant "was effectively abandoned by counsel during the 30 day period for preparing, filing and presenting a motion for new trial." It also found appellate counsel was not appointed until well after the time for filing a motion for new trial.

The trial court concluded that appellant was denied the assistance of counsel during the time for preparing and filing a motion for new trial. We agree. Appellant has further alleged, and presented evidence tending to support, a theory he seeks to assert on appeal which will require the presentation of additional evidence through a motion for new trial hearing. While disapproving of reliance on former Rule of Appellate Procedure 2(b) as authority, the Court of Criminal Appeals has approved procedural methods for resolving such issues "sooner rather than later," and emphasized the importance of rectifying denial of constitutionally guaranteed right to counsel. *Oldham*, 977 S.W.2d at 360. We conclude protection of this appellant's right to the assistance of counsel requires the appeal be abated and remanded for the purpose of allowing him to file a motion for new trial with the assistance of counsel. *Champion*, 82 S.W.3d at 83.

We therefore abate this appeal and remand it the trial court to the point at which appellant was convicted and sentence imposed. If a motion for new trial is granted, the record shall be supplemented with a copy of the trial court's order. If the motion for new trial is overruled, the record shall be supplemented with the court's order and the reporter's record of any hearing on the motion.

QUINN, J. dissenting.

BRIAN QUINN, Justice, dissenting.

I respectfully dissent from the majority's decision to abate and remand the appeal for the purpose of allowing the appellant to file, and the trial court to hear, a belated motion for new trial. The Texas Court of Criminal Appeals not only held the procedure invalid in *Oldham v. State*, 977 S.W.2d 354 (Tex.Crim.App.1998) but also reaffirmed that holding most recently in *Jack v. State*, 149 S.W.3d 119 (Tex.Crim.

App.2004).[1] Until the Court of Criminal Appeals reconsiders its holdings in *Jack* and *Oldham*, I am compelled to follow their directive. And, to the extent that the majority relies on this court's opinion in *Champion v. State*, 82 S.W.3d 79 (Tex. App.-Amarillo 2002, no pet.) as authority for its decision, I conclude *Champion* was wrongly decided in view of *Oldham* and *Jack*.[2]

This is not to say that I am unaware of the problem that the majority attempts to address and the need for the expeditious resolution of appeals. Instead, my objection lies in the use of a procedure disapproved by the Court of Criminal Appeals, even though the procedure may be sensible at times.

Finally, and unlike our initial abatement of this cause on November 16, 2004, we now abate for purposes of allowing appellant to prepare and present an untimely motion for new trial. There are rules and timetables expressly addressing that matter. And, those rules illustrate that the time to file such a motion expired long ago. TEX.R.APP. P. 21.4(a) (requiring a defendant to file a motion for new trial, "no later than 30 days after ... the date when the trial court imposes or suspends sentence in open court").

Accordingly, I would deny the motion to abate and remand pending before the court.

---

1. In *Jack,* the Court of Criminal Appeals expressly recognized as "correct" the State's argument that the "Court [of Criminal Appeals] has thrice reviewed this out-of-time motion for new trial abatement and has held ... that the Rules of Appellate Procedure did not permit this practice." *Jack v. State,* 149 S.W.3d 119, 123–24 (Tex.Crim.App.2004). Nonetheless, it dismissed the petition for discretionary review since no final judgment had been rendered by the appellate court. *Id.* at 125.

2. While our decision in *Champion* alluded to *Oldham,* it did not consider that part of *Oldham* wherein the Court of Criminal Appeals held it improper to abate and remand an appeal to allow the appellant to file an untimely motion for new trial.