NO. 07-04-0090-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 6, 2005

______________________________

AMADOR SALAZAR,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_________________________________

FROM THE 140
TH
 DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2002-400255; HON. JIM BOB DARNELL, PRESIDING

_______________________________

Dissent

_______________________________

Before QUINN, REAVIS and CAMPBELL, JJ.

I respectfully dissent from the majority’s decision to abate and remand the appeal for the purpose of allowing the appellant to file, and the trial court to hear, a belated motion for new trial.  The Texas Court of Criminal Appeals not only held the procedure invalid in 
Oldham v. State
, 977 S.W.2d 354 (Tex. Crim. App. 1998) but also reaffirmed that holding most recently in 
Jack v. State
, 149 S.W.3d 119 (Tex. Crim. App. 2004).
(footnote: 1)  Until the Court of Criminal Appeals reconsiders its holdings in 
Jack
 and 
Oldham
, I am compelled to follow their directive.  And, to the extent that the majority relies on this court’s opinion in 
Champion v. State,
 82 S.W.3d 79 (Tex. App.–Amarillo 2002, no pet.) as authority for its decision, I conclude 
Champion
 was wrongly decided in view of 
Oldham
 and 
Jack
.
(footnote: 2)  

This is not to say that I am unaware of the problem that the majority attempts to address and the need for the expeditious resolution of appeals.  Instead, my objection lies in the use of a procedure disapproved by the Court of Criminal Appeals, even though the procedure may be sensible at times.

Finally, and unlike our initial abatement of this cause on November 16, 2004, we now abate for purposes of allowing appellant to prepare and present an untimely motion for new trial.  There are rules and timetables expressly addressing that matter.  And, those rules illustrate that the time to file such a motion expired long ago.  
Tex. R. App. P. 
21.4(a) (requiring a defendant to file a motion for new trial, “no later than 30 days after . . . the date when the trial court imposes or suspends sentence in open court”).

Accordingly, I would deny the motion to abate and remand pending before the court.           

Brian Quinn

    Justice

Publish.

FOOTNOTES
1:
In 
Jack
, the Court of Criminal Appeals expressly recognized as “correct” the State’s argument that the “Court [of Criminal Appeals] has thrice reviewed this out-of-time motion for new trial abatement and has held . . . that the Rules of Appellate Procedure did not permit this practice.”  
Jack v. State
, 149 S.W.3d 119, 123-24 (Tex. Crim. App. 2004).  Nonetheless, it dismissed the petition for discretionary review since no final judgment had been rendered by the appellate court.  
Id.
 at 125.  

2:
While our decision in 
Champion
 alluded to 
Oldham
, it did not consider that part of 
Oldham
 wherein the Court of Criminal Appeals held it improper to abate and remand an appeal to allow the appellant to file an untimely motion for new trial.