COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                       NOS.  2-04-568-CR

        2-04-569-CR

 

LYNN LEWIS FUNK                                                              APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

            FROM
THE 211TH DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                        OPINION
AND ABATEMENT ORDER

 

                                              ------------








Lynn Lewis Funk appeals his
sentences for sexual assault of a child and indecency with a child.  In nine points, appellant complains that he
was denied his constitutional right to counsel during the thirty-day period for
filing a motion for new trial, that trial counsel was ineffective for failing
to file any appellate motions, including a motion for new trial, and that the
trial court improperly excluded evidence of the child victim=s prior sexual experience.  We
abate the appeals and remand the causes to the trial court so that appellant
may file an out-of-time motion for new trial.

Appellant entered open pleas
of guilty to all the charged offenses. 
The jury assessed appellant=s punishment for each offense at ten years= imprisonment and a $10,000 fine.

In his first and second
points, appellant asserts that he was denied his state and federal
constitutional rights to counsel during a critical stage of the proceedings
against himCthe
thirty-day period for filing, presenting, and obtaining a hearing on a motion
for new trial.[1]









The court of criminal appeals
has held that a criminal defendant is entitled to counsel at a hearing on a
motion for new trial because such a hearing is a critical stage of the
proceedings against him.[2]  The court of criminal appeals has  not addressed whether a criminal defendant is
entitled to counsel during the time for filing a motion for new trial to assist
the defendant in preparing the motion.[3]  Several courts of appeals have, however, held
that a defendant is entitled to counsel during this stage.[4]  Today, we join our sister courts and hold
that a defendant is entitled to counsel during the thirty-day period for
preparing and filing a motion for new trial.[5]  Therefore, we hold that appellant was
entitled to counsel during the time for filing a motion for new trial in this
case.

Trial counsel=s duties do not Amagically
and automatically terminate at the conclusion of the trial.@[6]

[R]etained
counsel, even one who has not been fully compensated for past services or
compensated for further service, cannot wait until a critical stage of the
proceedings is reached and bow out without notice to the court and the accused
and Afrustrate
forever accused=s
right to protect his vital interests.@[7]

 








Instead, trial counsel, whether retained or
appointed, has the duty to consult with and fully to advise his client
concerning the meaning and effect of the trial court=s judgment, the right to appeal from that judgment, and the necessity
of giving notice of appeal and taking other steps to pursue an appeal, as well
as expressing his professional judgment as to possible grounds for appeal and
their merit, and delineating the advantages and disadvantages of appeal.[8]  Accordingly, when trial counsel does not
withdraw and is not replaced by new counsel after sentencing, a presumption
exists that trial counsel continued to represent the defendant during the time
for filing a motion for new trial.[9]

In this case, appellant was
represented by retained counsel through sentencing on November 10, 2004, and
trial counsel did not withdraw and was not replaced by new counsel until
January 19, 2005, well after the deadline for filing a motion for new trial had
passed.[10]  Therefore, a rebuttable presumption exists
that trial counsel continued to represent appellant during the period for
filing a motion for new trial.  Appellant
contends, however, that the record rebuts this presumption.  We agree.








As appellant points out, no
motion for new trial was filed in either of the underlying proceedings.  The State acknowledges that filing a motion
for new trial Ais primarily
part of an attorney=s trial
representation,@ but
contends that the record here supports a presumption that trial counsel
counseled appellant regarding the filing of a new trial motion and appellant
decided against it.  Trial counsel=s motion to withdraw, however, states in pertinent part as follows:

Defendant had entered into a written agreement
with Movant [trial counsel] to provide legal representation to the Defendant .
. . through final verdict only.  Pursuant
to this written agreement with the Defendant, Defendant was initially fully
aware that Movant=s
representation would not include any appellate work.

 

. . . .

Movant=s practice is devoted
exclusively to State Criminal matters excluding, appeals.  The capacity of Movant=s
practice does not afford him the time nor opportunity to represent defendants
in appellate matters. 

 








This language indicates that,
despite his legal duties to appellant, trial counsel did not provide appellant
any representation after sentencingCincluding regarding a motion for new trialCbecause his written agreement with appellant did not provide for
it.  In addition, appellant filed pro se
notices of appeal on December 4, 2004 and a pro se request for court-appointed
appellate counsel on December 30, 2004. 
Although the filing of a pro se notice of appeal or a request for
counsel will not, alone, rebut the presumption of representation by counsel
during the new trial period,[11]
we hold that, under the circumstances of this case, those filings are evidence
that appellant was not represented by counsel. 
Therefore, we hold that appellant has rebutted the presumption that he
was represented by counsel during the time for filing a motion for new trial.[12]  We sustain appellant=s first and second points.








The court of criminal appeals
has held that the proper remedy when a defendant is denied counsel at a hearing
on a motion for new trial is to allow an out-of-time hearing on the motion at
which the appellant may be represented by counsel.[13]  Several courts of appeals have abated to
allow for out-of-time proceedings following deprivations of counsel at the new trial
stage,[14]
and we agree that abatement is the appropriate remedy in this case.[15]

For these reasons, we abate
the appeals and remand the causes to the trial court so that appellant, who is
now represented by court-appointed counsel, may file an out-of-time motion for
new trial.[16]  Appellant shall have thirty days from the
date of this order to file the motion, and the trial court shall file a
supplemental record in this court within thirty days after the motion is
disposed of.  Upon our receipt of the
supplemental record, these appeals shall be reinstated automatically without
further order.








If the trial court grants the
motion for new trial, the trial court shall file a supplemental clerk=s record with copies of the motion and the order granting it, and the
appeals shall be dismissed.[17]  If the trial court overrules the motion for
new trial, the court shall file a supplemental clerk=s record and, if a hearing is held on the motion, a supplemental
reporter=s record.  At that time, we will
make appropriate orders regarding additional briefing.

The clerk of this court shall
transmit a copy of this order to the appellant, attorneys of record, the trial
judge, the trial clerk, and the court reporter. 


 

JOHN CAYCE

CHIEF JUSTICE

 

PANEL F:    CAYCE,
C.J.; GARDNER and WALKER, JJ.

PUBLISH

DELIVERED: 
January 5, 2006











[1]See Tex. R. App. P. 21.4(a).





[2]Oldham
v. State, 977 S.W.2d 354, 360-61 (Tex. Crim. App. 1998), cert.
denied, 525 U.S. 1181 (1999); Trevino v. State, 565 S.W.2d 938, 941
(Tex. Crim. App. 1978).





[3]See
Smith v. State, 17 S.W.3d 660, 663 (Tex. Crim. App. 2000); Oldham,
977 S.W.2d at 360-61 (both refusing to decide issue).





[4]See,
e.g., Champion v. State, 82 S.W.3d 79, 83 (Tex. App.CAmarillo
2002, pet. ref=d); Prudhomme
v. State, 28 S.W.3d 114, 119 (Tex. App.CTexarkana 2000, no pet.); Hanson
v. State, 11 S.W.3d 285, 288 (Tex. App.CHouston [14th Dist.] 1999,
pet. ref=d); Massingill
v. State, 8 S.W.3d 733, 736-37 (Tex. App.CAustin
1999, no pet.); Burnett v. State, 959 S.W.2d 652, 656 (Tex. App.CHouston
[1st Dist.] 1997, pet. ref=d).





[5]See
Green v. State, 872 S.W.2d 717, 720 (Tex. Crim. App. 1994)
(holding that determination of whether particular time period is critical stage
turns on assessment of whether Athe accused required aid in
coping with legal problems or assistance in meeting his adversary@)
(quoting United States v. Ash, 413 U.S. 300, 313, 93 S. Ct. 2568, 2575
(1973)).





[6]Ward
v. State, 740 S.W.2d 794, 796 (Tex. Crim. App. 1987).





[7]Oldham, 977
S.W.2d at 362 (quoting Steel v. State, 453 S.W.2d 486, 497 (Tex. Crim.
App. 1970)).





[8]Oldham, 977
S.W.2d at 362; Ex parte Axel, 757 S.W.2d 369, 374 (Tex. Crim. App.
1988).





[9]Smith, 17
S.W.3d at 662; Oldham, 977 S.W.2d at 363.





[10]The
trial court granted trial counsel=s motion to withdraw on
January 19, 2005, although the motion was not filed until January 20. 





[11]See
Smith, 17 S.W.3d at 662-63; Oldham, 977 S.W.2d at 363; Smith v.
State, Nos. 2-03-00080-CR, 2-03-00081-CR, 2004 WL 595069, at *3 (Tex. App.CFort
Worth Mar. 25, 2004, pet. ref=d); Kane v. State, 80
S.W.3d 693, 695 (Tex. App.CFort Worth 2002, pet. ref=d).





[12]See
Oldham, 977 S.W.2d at 361 (placing burden of establishing lack of counsel on
appellant).





[13]Trevino, 565
S.W.2d at 941; see also Johnson v. State, 169 S.W.3d 223, 232 (Tex.
Crim. App. 2005) (holding that harmless beyond a reasonable doubt standard of
review is inappropriate for errors flowing solely from defense counsel), pet.
for cert. filed, __ U.S.L.W. __ (U.S. Nov. 29, 2005) (No. 05-7883).





[14]See,
e.g., Prudhomme, 28 S.W.3d at 121; Massingill, 8 S.W.3d at
738; see also Tex. R. App. P.
44.4 (providing that, when trial court error prevents proper presentation of
case on appeal but can be remedied, court of appeals must not affirm or reverse
trial court=s
judgment, but must require correction of error and then proceed as if same had
not occurred).





[15]See
United States v. Morrison, 449 U.S. 361, 364, 101 S. Ct. 665,
667-68 (1981) (holding that Sixth Amendment violations are subject to general
rule that remedies should be tailored to injury suffered from constitutional
violation); Garcia v. State, 97 S.W.3d 343, 349 (Tex. App.CAustin
2003, no pet.) (applying this rule to violations of right to counsel under
Texas Constitution); see also Ex parte Crow, No. AP-75176, 2005
WL 3117216, at *1-2 (Tex. Crim. App. Nov. 23, 2005) (granting habeas applicant leave
to file out-of-time PDR when appellate counsel=s
ineffective assistance deprived applicant of right to file timely PDR).





[16]In
light of our disposition of appellant=s first and second points, we
need not consider his remaining complaints at this time.  See Tex.
R. App. P. 47.1.





[17]See Tex. R. App. P. 21.9.