# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00416-CR

**Joe Garcia, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT NO. 1010306, HONORABLE BOB PERKINS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Joe Garcia appeals his conviction for aggravated assault upon Samuel Melendrez by threatening Melendrez with imminent bodily injury while using a deadly weapon, a firearm. *See* Tex. Pen. Code Ann. ' 22.02(a)(2) (West 1994). In a bench trial, the trial court found appellant guilty and, after finding the allegations as to two prior felony convictions were true, assessed appellant=s punishment at twenty-five years= imprisonment.

### Points of Error

Appellant advances two points of error. First, appellant contends that his rights to counsel under the federal and state constitutions were denied when the trial court failed to timely appoint replacement counsel after his appointed [trial] counsel was permitted to withdraw. Second, appellant urges that he was denied the effective assistance of counsel on appeal because of the belated appointment of counsel on appeal. *See* U.S. Const. amends. VI & XIV; Tex. Const. art. I, ' 10. Thus, appellant presents

a claim of deprivation of counsel at a critical stage of the proceedings C during the time to prepare, file, and present a motion for new trial, and obtain a hearing on such motion. We will abate and remand the case to the trial court based on our disposition of the first point of error.

**Background**

At the conclusion of the three-part bench trial, the trial court pronounced sentence on May 17, 2002. Appointed counsel stated that appellant wanted to appeal and AI will do so.@ The record then reflects:

THE DEFENDANT: I don≠t feel like my lawyer did the right -- you know, I don≠t feel like he represented me right on my case.

THE COURT: Walter, do you want to withdraw on the deal and Hl appoint him another lawyer to do his appeal?

MR. PRENTICE: That≠s fine.

THE COURT: Let≠s go ahead and do that. If you≠ll get in touch with Pretrial Services and have them go ahead and get the next lawyer on the list.

MR. PRENTICE: Somebody on the appeals list.

THE COURT: Yeah, on the appellate list. Thank you. We≠re going to appoint you another lawyer to do the appeal so that way if they disagree with the way Mr. Prentice did the Defense, then he can bring that up. Okay. Thank you.

The formal judgment and sentence was signed on May 22, 2002, and filed on May 23, 2002. On June 3, 2002, no action having been taken on the appointment of new counsel, appellant≠s appointed trial counsel filed a notice of appeal, and a formal written motion to withdraw as

counsel and requesting that a new attorney be appointed for the purposes of appeal. This motion was granted by the trial court Aon this the _____ day of June, 2002@ as reflected by the trial court=s order.

The incarcerated appellant executed a sworn handwritten pro se motion for new trial dated June 12, 2002. For reasons unclear from this record, the new trial motion was not filed until June 20, 2002. The motion alleged that appellant had been denied the effective assistance of trial counsel in that counsel was not prepared for trial and counsel=s performance at trial was deficient in several matters that injured and harmed appellant. The trial court apparently wrote on the motion: AThis [motion] is a nullity because it=s not timely filed.@[1]

On July 3, 2002, the trial court appointed another attorney to represent appellant. On July 8, 2002, that attorney was allowed to withdraw and appellant=s present counsel was appointed to represent appellant on appeal. Thus, appellant asserts that he was in effect without counsel from May 17, 2002 until July 8, 2002 during a critical stage of the proceedings, and that the delay in appointing counsel has also caused his appeal to be without the effective assistance of counsel.

**Discussion**

---

[1] A motion for new trial is to be filed within thirty days after the date the trial court imposes or suspends sentence in open court. *See* Tex. R. App. P. 21.4(a). Both parties here agree that sentence was imposed on appellant in open court on May 17, 2002. Thus, the pro se motion was not timely filed.

The Acontinuity of representation from trial to appeal is necessary to correct the ambiguity of representation which all too often follows conviction.@ *Ward v. State*, 740 S.W.2d 794, 797 (Tex. Crim. App. 1987). This statement furnishes the backdrop for the issue we discuss today.

An accused is entitled to counsel by virtue of the Sixth Amendment to the United States Constitution at Aevery critical stage of a criminal prosecution@ where the adversarial proceedings have begun, absent a valid waiver of the right to counsel. *See Upton v. State*, 853 S.W.2d 548, 553 (Tex. Crim. App. 1993); *see also Champion v. State*, 82 S.W.3d 79, 81 (Tex. App.CAmarillo 2000, no pet.); *Massingill v. State*, 8 S.W.3d 733, 736 (Tex. App.CAustin 1999, no pet.). Whether a particular stage is critical turns on an assessment of the usefulness of counsel to the accused at the time. *See Upton*, 853 S.W.2d at 553 (citing *Patterson v. Illinois*, 487 U.S. 285, 299-330 (1998); *United States v. Wade*, 388 U.S. 218, 235-39 (1967)); *see also United States v. Ash*, 413 U.S. 300, 313 (1973).

Without question, the hearing on a motion for new trial is a critical stage of the proceedings. *Conner v. State*, 877 S.W.2d 325, 326 (Tex. Crim. App. 1994); *Trevino v. State*, 565 S.W.2d 938, 940 (Tex. Crim. App. 1978). AIt is the only opportunity to present to the trial court certain matters that may warrant a new trial and to make a record on those matters for appellate review.@ *Trevino*, 565 S.W.2d at 940. *Trevino* makes clear that a criminal prosecution, within the meaning of the Sixth Amendment and article I, section 10, does not end with the defendant=s conviction. *Massingill*, 8 S.W.3d at 736.

The issue raised by appellant here is whether the time allotted for preparing and filing a motion for new trial, and presenting the same to the trial court, Tex. R. App. P. 21.4, 21.6, is a critical stage of the proceedings, like the hearing on the motion for new trial. The Texas Court of Criminal Appeals does not appear to have addressed this issue. *See Smith v. State*, 17 S.W.3d 660, 663

n.3 (Tex. Crim. App. 2000); *Oldham v. State*, 977 S.W.2d 354, 360 (Tex. Crim. App. 1998); *Conner*, 877 S.W.2d at 326-27. Several courts of appeals have addressed the issue and found that the right to counsel exists. *Champion*, 82 S.W.3d at 83; *Prudhomme v. State*, 28 S.W.3d 114, 119 (Tex. App.CTexarkana 2000, no pet.); *Hanson v. State*, 11 S.W.3d 285, 288-89 (Tex. App.CHouston [14th Dist.] 1999, pet. ref=d); *Massingill*, 8 S.W.3d at 736; *Boyette v. State*, 908 S.W.2d 56, 59 (Tex. App.CHouston [1st Dist.] 1995), *remanded on other grounds*, 982 S.W.2d 428 (Tex. Crim. App. 1998). If a hearing on a motion for new trial is a critical stage of the proceedings Athen logic dictates that the time period for filing a motion [for new trial] is also a critical stage of the proceedings.@ *Burnett v. State*, 959 S.W.2d 652, 656 (Tex. App.CHouston [1st Dist.] 1997, pet. ref=d).

In order to prevail on a claim of deprivation of counsel during the time to prepare, file, and present a motion for new trial, an appellant must affirmatively prove that he was not represented by counsel during a critical stage of the proceedings. *Oldham*, 977 S.W.2d at 363. *Hanson*, 11 S.W.3d at 288. There is a rebuttable presumption that an appellant was represented by counsel and that counsel acted effectively. *Oldham*, 977 S.W.2d at 363. This presumption arises, in part, because appointed counsel remains as the accused=s counsel for all purposes until expressly permitted to withdraw, even if the original appointment was for trial only. *See Ward*, 740 S.W.2d at 796. And the presumption is not rebutted when there is nothing in the record to suggest otherwise. *Smith*, 17 S.W.3d at 662-63. In *Smith* and *Oldham*, the defendants failed to show that they were not represented by counsel at the time in question. *See Champion*, 82 S.W.3d at 81.

The above described presumption is inapplicable here or has been rebutted by the facts of this case. First, appellant was actually or constructively denied counsel from the time of his

sentencing on May 17, 2002, when his trial counsel withdrew at the trial court=s suggestion, until July 8, 2002, when the second appellate counsel was appointed. The presumption does not apply when counsel has withdrawn and a defendant is without counsel during the crucial thirty days to prepare and file a motion for new trial, or the ten days in which to present the motion to the trial court. *See* Tex. R. App. P. 21.4, 21.6; *see Massingill*, 8 S.W.3d at 735. Second, it is true that no timely motion for new trial was filed. This, however, is not a situation where a defendant, counseled by his attorney, decided to forego his option of filing a motion for a new trial. While incarcerated and without the aid of counsel, appellant prepared a pro se motion for new trial six days before the filing deadline. It was not filed until two days after the deadline. The motion alleged acts appellant claimed to constitute ineffective assistance of counsel and the injury resulting therefrom.[2]

AThe importance of counsel to a defendant immediately after conviction is recognized in both case law and statute.@ *Massingill*, 8 S.W.3d at 736; Tex. Code Crim. Proc. Ann. art. 26.04(a) (West Supp. 2003). A defendant Amust comply with a myriad of procedural rules in order to perfect a meaningful appeal.@ *Ward v. State*, 740 S.W.2d 794, 797-98 (Tex. Crim. App. 1987). It is indisputable that counsel can be useful in coping with legal problems in preparing, filing, and

---

[2] The grounds for a new trial set forth in Rule 21.3 of the Texas Rules of Appellate Procedure are not exclusive. *See Read v. State*, 965 S.W.2d 74, 77 (Tex. App.CAustin 1998, no pet.). Ineffective assistance of counsel may be raised in a motion for new trial. *Reyes v. State*, 849 S.W.2d 812, 816 (Tex. Crim. App. 1993). A motion for new trial need not establish a prima facie case to entitle a defendant to a hearing. *Jordan v. State*, 883 S.W.2d 664, 665 (Tex. Crim. App. 1994).

presenting a proper motion for a new trial. *Prudhomme*, 28 S.W.3d at 118. It is also beyond dispute that a motion for new trial can be an extremely important tool for presenting error on appeal. *Id.* While a motion for new trial is not a prerequisite to an appeal in every case, for a meaningful appeal of some issues a defendant must prepare, file, present, and obtain a hearing on a proper motion for new trial in order to adduce facts not otherwise shown by the record. *See* Tex. R. App. P. 21.2; *Massingill*, 8 S.W.3d at 736; 43 George E. Dix & Robert O. Dawson, *Texas Practice: Criminal Practice and Procedure* ' 41.01 (2d ed. 2001). AIt is no more reasonable to require a defendant to perform these tasks without the assistance of counsel than it is to require him to represent himself at a new trial hearing,@which is a critical stage of the proceedings. *Massingill*, 8 S.W.3d at 736.

We conclude, under the circumstances presented, that appellant was without counsel at a critical stage of the proceedings. To its credit, the State agrees.

**Harm**

Except for certain federal constitutional errors deemed structural by the United States Supreme Court, no error is categorically immune to a harmless error analysis. *See Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997); *Massingill*, 8 S.W.3d at 737. Structural errors are those constitutional violations that infect the conduct of a trial from beginning to end. *See Arizona v. Fulminante*, 499 U.S. 279, 309-10 (1991). One example of a structural error is the *total deprivation of counsel* at trial. *Id.* at 309. Not every partial denial of counsel is structural error and harmful. *See Massingill*, 8 S.W.2d at 737 (citing *Coleman v. Alabama*, 399 U.S. 1, 10-12 (1970)). We conclude, as this Court did in *Massingill*, that the denial of counsel in the instant case, limited to the time period

7

for preparing and presenting a motion for new trial, is not structural error. Rather, it is subject to a harm analysis for constitutional error.

Sixth Amendment violations Aare subject to the general rule that remedies should be tailored to the injury suffered from the constitutional violation.@ *United States v. Morrison*, 44 U.S. 361, 364 (1981); *Massingill*, 8 S.W.3d at 738. We see no reason why the same rule is not applicable to violations of article I, section 10 of the Texas Constitution regarding the right to counsel.

Here, the deprivation of counsel constituting constitutional error has not at this point been shown to have contributed to appellant=s conviction or punishment and therefore reversal of the judgment is not required. *See* Tex. R. App. P. 44.2(a); *Prudhomme*, 28 S.W.3d at 121. In *Hanson*, 11 S.W.3d at 289, the delay in the appointment of appellate counsel was held harmless despite the Sixth Amendment violation. The circumstances in *Hanson*, however, are easily distinguishable from those in the instant case. We conclude, without reiterating the facts, that appellant was harmed and is entitled to relief. The prosecution agrees. Appellant=s first contention is sustained. We do not reach the second contention.

### Conclusion

Acting pursuant to our authority to remedy the constitutional violation shown by the record, *Prudhomme*, 28 S.W.3d at 121; *Massingill*, 8 S.W.3d at 738, and in accordance with Rule 43.6 of the Texas Rules of Appellate Procedure,[3] we abate the appeal and remand the cause to the trial

---

[3] AThe court of appeals may make any other appropriate order that the law and the nature of the case may require.@ Tex. R. App. P. 43.6; *see also* Tex. R. App. P. 44.4. It should be made clear that we are not acting under Rule 2. Tex. R. App. P. 2.

court to the point where sentence was imposed and from which point a motion for new trial can be filed by appointed counsel within the appellate timetables. This relief is in accordance with that requested by appellant and the State.

The timetable for the motion for new trial shall begin running anew from the date of this opinion. If the trial court grants the motion for new trial, this record will be supplemented with a copy of the trial court=s order and this appeal will be dismissed. If the trial court overrules the motion for new trial, the record will be supplemented with a copy of the trial court=s order, the court reporter=s record of any hearing on such motion, and other matters pertaining to the procedure after remand. The parties will be permitted to brief any issues properly raised. *Cf. Massingill*, 8 S.W.3d at 739. In view of the delay occasioned, the trial court is instructed to expedite the procedure where possible. Under any circumstances, the supplemented record shall be filed in this Court on or before the 90th day after the date of this opinion.

It is so ordered.

_____

John F. Onion, Jr., Justice

Before Justices Kidd, Yeakel and Onion[*]

Abated and Remanded

Filed: January 24, 2003

Publish

\*    Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by assignment. *See* Tex. Gov=t Code Ann. ' 74.003(b) (West 1998).