NO. 12-02-00291-CR


NO. 12-02-00292-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT


 

TYLER, TEXAS


 


JERRY JERGER,
§
 APPEAL FROM THE 114TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS






MEMORANDUM OPINION 


 Jerry Jerger ("Appellant") pleaded guilty to the offenses of aggravated assault on a public
servant (12-02-00291-CR) and attempted manufacture of methamphetamine (12-02-00292-CR)
pursuant to the trial court's "timely pass for plea" plan. (1) After Appellant's guilty plea, the trial court
sentenced him to 25 years of imprisonment and a $5,000.00 fine on the aggravated assault charge
and to 20 years of imprisonment and a $5,000.00 fine on the attempted manufacture of
methamphetamine charge. Appellant's counsel filed a brief in compliance with Anders v.
California, 386 U.S. 738 (1967) and Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969),
asserting that he did not believe that either of Appellant's cases had any meritorious issues for
appeal. Appellant also filed a brief pro se, contending that he was denied his right to counsel during
the post-trial, pre-appeal time period for filing a motion for new trial in the aggravated assault case. 
After undertaking the independent review of the record we are required to perform, we conclude that
the aggravated assault case contains arguable grounds for appeal and therefore abate the appeal and
remand Appellant's case to the trial court for further proceedings consistent with this opinion. We
affirm Appellant's conviction for attempted manufacture of methamphetamine. 


Background


 In separate indictments, Appellant was charged with 1) manufacture of methamphetamine
in an amount of four grams or more but less than 200 grams, and 2) aggravated assault on a public
servant. On August 19, 2002, Appellant pleaded guilty to aggravated assault on a public servant and
to attempted manufacture of methamphetamine. Pursuant to the trial court's "timely pass for plea"
plan, the court sentenced Appellant to 25 years of imprisonment and a $5,000.00 fine for the
aggravated assault on a public servant charge and 20 years of imprisonment and a $5,000.00 fine for
the attempted manufacture of methamphetamine charge. Appellant was represented by different
counsel on each of the charges at the same plea hearing. 

 After the court imposed its sentence in each case, it gave Appellant the opportunity to
withdraw his plea, disregard the sentences and have a jury trial on both his guilt or innocence and
punishment, if convicted. Appellant chose to accept the sentences and avoid a jury trial. The trial
court then formally pronounced its sentences and advised Appellant that he had 30 days from the
date the sentences were imposed to file a notice of appeal, and 90 days from the date his sentences
were imposed to file a notice of appeal if he filed a motion for new trial. Appellant was also advised
that if he could not afford an attorney to represent him on appeal, one would be appointed for him. 
After Appellant had been advised of his appellate rights, the trial court asked him if he wanted to
give his written notice of appeal; Appellant declined to do so at that time. Appellant then tendered
to the court a document entitled, "Waiver of Motion for New Trial and Motion in Arrest of Judgment
and Waiver of Right to Appeal" in the attempted manufacture of methamphetamine case, which was
signed by Appellant and his counsel. (2) No such document was tendered by Appellant in the
aggravated assault on a public servant case. 


Anders Analysis of Attempted Manufacture of 

Methamphetamine Conviction

 With regard to the attempted manufacture of methamphetamine case (12-02-00292-CR),
counsel for Appellant states in his Anders brief that he has diligently reviewed the appellate record
and is of the opinion that the record reflects no reversible error and that there is no error upon which
an appeal can be predicated. He further relates that he is well acquainted with the facts in this case. 
In compliance with Anders, Gainous, and High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978),
Appellant's Anders brief presents a chronological summation of the procedural history of the case,
and further states that Appellant's counsel is unable to raise any arguable issues for appeal. We have
likewise reviewed the record for reversible error and have found none in that case.


Anders Analysis of Aggravated Assault on

 a Public Servant Conviction

 On August 21, two days after Appellant pleaded guilty to both charges, his trial counsel for
the aggravated assault on a public servant charge filed a motion to withdraw. The trial court granted
the attorney's motion on August 22. On August 30, Appellant filed a pro se "Motion for Appeal,"
stating that he "was not properly advised as to all potential defensive issues to be raised" and
requested that counsel be appointed to represent him. Appellate counsel was not appointed to
represent Appellant until October 3, which was 34 days after Appellant requested the appointment.

 A criminal defendant must file a motion for new trial within thirty days after his sentence has
been imposed or suspended in open court. Tex. R. App. P. 21.4. A motion for new trial can be
amended at any time within the same thirty days so long as the amendment is made before the court
overrules any preceding motion for new trial, but a motion for new trial cannot be amended after
thirty days, even with leave of court. Id.; see also Williams v. State, 780 S.W.2d 802, 803 (Tex.
Crim. App. 1989). In his pro se brief, Appellant argues that this time period is a "critical stage" of
his criminal prosecution and that the denial of his right to counsel during this time period is a 
violation of the Sixth Amendment of the United States Constitution and article I, section 10 of the
Texas Constitution. We agree.

Denial of Right to Counsel

 It is well established that criminal defendants have a constitutional right to effective
assistance of counsel on appeal, whether counsel is appointed or retained. Prudhomme v. State, 28
S.W.3d 114, 118 (Tex. App.- Texarkana 2000, pet. ref'd). Absent a valid waiver, such defendants
are also entitled to the effective assistance of counsel at each critical stage of a criminal prosecution. 
Michigan v. State, 475 U.S. 625, 626, 106 S. Ct. 1404, 1405-06, 89 L. Ed. 2d 631, 636 (1986);
Upton v. State, 853 S.W.2d 548, 553 (Tex. Crim. App. 1993). In order to determine whether a
particular time period is a critical stage, an assessment must be made as to whether, at the time in
question, "the accused required aid in coping with legal problems or assistance in meeting his
adversary." Prudhomme, 28 S.W.3d at 118 (citing United States v. Ash, 413 U.S. 300, 313, 93 S.
Ct. 2568, 2575, 37 L. Ed. 2d 619 (1973)); Green v. State, 872 S.W.2d 717, 720 (Tex. Crim. App.
1994). Although the Texas Court of Criminal Appeals has not specifically addressed whether a
defendant is entitled to counsel during the time limit for filing a motion for new trial, it has held that 


 [w]ithout a doubt the hearing on a motion for new trial is a critical stage of the proceedings. It is the
only opportunity to present to the trial court certain matters that may warrant a new trial, and to make
a record on those matters for appellate review. 


Trevino v. State, 565 S.W.2d 938, 940 (Tex. Crim. App. 1978). Several courts of appeal have held
that the thirty-day time period for filing a motion for new trial is a critical stage of a criminal
prosecution in which defendants are entitled to assistance of counsel. See Garcia v. State, 97
S.W.3d 343, 349 (Tex. App.- Austin 2003, no pet.); Prudhomme, 28 S.W.3d at 119; Hanson v.
State, 11 S.W.3d 285, 288 (Tex. App.- Houston [14th Dist.] 1999, no pet.); Massengill v. State, 8
S.W.3d 733, 736 (Tex. App.- Austin 1999, no pet.); Burnett v. State, 959 S.W.2d 652, 656 (Tex.
App.- Houston [1st Dist.] 1997, pet. ref'd); Oldham v. State, 889 S.W.2d 461, 462 (Tex. App.-
Houston [14th Dist.] 1994), rev'd on other grounds, 977 S.W.2d 354 (Tex. Crim. App. 1998). 
Those courts have looked to the court of criminal appeals' holding in Trevino that a hearing on a
motion for a new trial is a critical stage in order to further hold that the thirty-day time period for
filing a motion for new trial is a critical stage. See Burnett, 959 S.W.2d at 656 (emphasis added). 
In Oldham, the court stated that 


 [i]f the hearing on a motion for new trial is a critical stage of the proceedings, then logic dictates that
the time period for filing the motion is also a critical stage of the proceedings. Obviously, if appellant
is not allowed to file a motion for new trial [because of the absence of counsel], then she will not have
her opportunity to present to the trial court reasons for a new trial any more than did the appellant in
Trevino.


Oldham, 889 S.W.2d at 462. While a motion for new trial is not a prerequisite to an appeal in every
case, for a meaningful appeal of some issues a defendant must prepare, file, present, and obtain a
hearing on a proper motion for new trial in order to adduce facts not otherwise shown in the record. 
Massengill, 8 S.W.3d at 736; see also Smith v. State, 968 S.W.2d 490, 494 (Tex. App.- Texarkana
1998, no pet.) (holding that because defendant did not use a motion for new trial to determine
counsel's trial strategy for the record, his ineffective assistance of counsel claim must be denied). 

 We agree with the holdings of the other courts of appeal that the time period for filing a
motion for new trial is a critical stage of the proceedings during which a criminal defendant is
constitutionally entitled to assistance of counsel. (3) 

 When the record does not reflect that trial counsel withdrew or was replaced by new counsel
after sentencing, there is a rebuttable presumption that trial counsel continued to effectively represent
the defendant during the time limit for filing a motion for new trial. Oldham, 977 S.W.2d at 363. 
Furthermore, when a motion for new trial is not filed in a case, there is a rebuttable presumption that
the defendant was counseled by his attorney regarding the merits of the motion and ultimately
rejected that option. Id. The filing of a pro se notice of appeal is evidence that a defendant was
informed of at least some of his appellate rights, and it is presumed that he was adequately counseled
unless the record affirmatively displays otherwise. Id. 

 In the instant case, the record demonstrates that Appellant's trial counsel filed a motion to
withdraw on August 21 (two days after Appellant was sentenced) and that the trial court granted the
motion on August 22. Eight days later, Appellant filed a "Motion for Appeal," where he argued that
he "was not properly advised as to all potential defensive issues to be raised" and requested that
counsel be appointed to represent him. (4) The time period for Appellant to have filed a motion for
new trial ended on September 18, 2002. Appellate counsel was not appointed to represent Appellant
until October 3, fifteen days after the time period for filing a motion for new trial had ended. The
record indicates that Appellant was without the effective assistance of counsel for 28 of the 30
critical days he could have filed a motion for new trial; therefore, the record affirmatively rebuts each
presumption that Appellant was represented by counsel after he was sentenced. This deprivation of
counsel violated Appellant's right to counsel under the Texas Constitution and the Sixth Amendment
to the United States Constitution. 

 Both the United States Supreme Court and the Texas Court of Criminal Appeals have
acknowledged that with some Sixth Amendment violations, "such as the actual or constructive denial
of counsel altogether at a critical stage of the criminal proceeding, or an actual conflict of interest
on the part of defense counsel, prejudice is presumed." Batiste v. State, 888 S.W.2d 9, 17 (Tex.
Crim. App. 1994) (citing Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2053, 80 L. Ed. 2d 674
(1984)); Prudhomme, 28 S.W.3d at 120. Furthermore, such constitutional errors are subject to
harmless error analysis, where reversal is required unless the court determines beyond a reasonable
doubt that the error was harmless. Tex. R. App. P. 44.2(a). Appellant's pro se brief and "Motion
for Appeal" indicate that he would have been asserting an ineffective assistance of counsel claim in
a motion for new trial. If this argument had been included in a properly presented motion for new
trial, the trial court would have been required to hold a hearing and make a record for appellate
review. See Prudhomme, 28 S.W.3d at 121. However, Appellant did not have the effective
assistance of counsel during the critical time period for filing a motion for new trial; therefore, he
was deprived of the opportunity to present a motion for new trial and make a record for appellate
review. Based on our review of the record, we conclude that Appellant was harmed by the
deprivation of counsel during this critical stage. See Massengill, 8 S.W.3d at 738; see also Garcia,
97 S.W.3d at 349 (deprivation of counsel is not harmless where the defendant had a facially plausible
claim but he was unable to present his claim to the trial court and make a record for appellate
review). Based on our review of the record, we cannot determine that the failure to appoint counsel
for Appellant was harmless beyond a reasonable doubt.

 "Sixth Amendment violations 'are subject to the general rule that remedies should be tailored
to the injury suffered from the constitutional violation.'" Massengill, 8 S.W.3d at 738 (citing United
States v. Morrison, 449 U.S. 361, 364, 101 S. Ct. 665, 668, 66 L. Ed. 2d 564 (1981)). The failure
to provide Appellant with counsel did not contribute to Appellant's conviction or punishment;
therefore, reversal of the trial court's judgment is not required. Tex. R. App. P. 44.2(a). The remedy
that courts of appeal have utilized to correct such a violation is to abate the appeal and remand the
cause to the trial court to the point where sentence was imposed and from which point a motion for
new trial can be filed by appointed counsel within the appropriate appellate timelines. See  Tex. R.
App. P. 43.6 ("The court of appeals may make any other appropriate order that the law and the nature
of the case may require"); see also Garcia, 97 S.W.3d at 349; Prudhomme, 28 S.W.3d at 121;
Massengill, 8 S.W.3d at 738. 

Conclusion

 As required by Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's
counsel has moved for leave to withdraw from the attempted manufacture of methamphetamine case
(12-02-00292-CR). We carried the motion for consideration with the merits of the appeal. Having
done so and finding no reversible error in that case, Appellant's counsel's motion for leave to
withdraw in cause number 12-02-00292-CR is hereby granted. 

 With regard to the aggravated assault on a public servant case (12-02-00291-CR), Appellant
should have been appointed counsel during the critical thirty-day time period for filing a motion for
new trial. Based on our review of the record, the trial court's failure to do so cannot be deemed
harmless beyond a reasonable doubt; therefore, this appeal must be abated and the cause remanded
to the trial court. This error was not addressed in the Anders brief; therefore, Appellant's counsel's
motion to withdraw in cause number 12-02-00291-CR is granted, and on remand the trial court shall
appoint new counsel for Appellant. See Guerrero v. State, 64 S.W.3d 436, 441 (Tex. App.- Waco
2001, no pet.) ("The Court of Appeals' determination that arguable issues were presented by the
record . . . created a constitutional imperative that [new] counsel be appointed."). The abatement
will also allow the timetable for the motion for new trial to begin running as soon as counsel is
appointed, which shall occur no later than fifteen days from the date of this opinion. The court's
order appointing new appellate counsel shall be filed with this court in a supplemental clerk's record. 
If the trial court grants the motion for new trial, this record will be supplemented with a copy of the
trial court's order and this appeal will be dismissed. If the trial court overrules the motion for new
trial, the record will be supplemented with a copy of the trial court's order, the court reporter's record
of any hearing on such motion, and other matters pertaining to the procedure after remand. The
parties will be permitted to brief any issues properly raised. Garcia, 97 S.W.3d at 349. Under any
circumstances, the supplemented record shall be filed in this court on or before the ninetieth day after
the date of this opinion. 

 The trial court's judgment in cause number 12-02-00292-CR is affirmed. Cause number 12-02-00291-CR is abated and removed from this court's docket and the cause remanded to the trial
court for further proceedings consistent with this opinion. This appeal shall be abated until ninety
days after the date of this opinion or until the required supplemental records are filed in this court,
whichever is the earlier date, at which time this appeal shall be reinstated.


 SAM GRIFFITH 

 Justice



Opinion delivered August 29, 2003.

Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.

















(DO NOT PUBLISH)
1. The 114th District Court does not accept plea bargains; therefore, it created the "timely pass for plea"
plan. Under the "timely pass for plea" plan, a defendant pleads guilty to the offense, the court orders a pre-sentence
investigation report ("PSI") and then sentences the defendant. The defendant can either accept the sentence imposed
by the court and waive his right to appeal or he can withdraw his guilty plea and reclaim his right to trial by jury with
jury sentencing, if convicted. 
2. Appellant cannot appeal any issues related to his conviction for attempted manufacture of
methamphetamine because he knowingly, intelligently, and voluntarily waived his right to appeal in that case. A
valid waiver of the right to appeal, whether negotiated or non-negotiated, will prevent a defendant from appealing
without the consent of the trial court. Monreal v. State, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003). A waiver of


Footnote continued


 the right to appeal is valid when it is made voluntarily, knowingly, and intelligently. Id.
3. In its brief, the State agrees that the time period for filing a motion for new trial is a critical stage in which
Appellant was entitled to effective assistance of counsel.
4. In his pro se brief, Appellant contends that his "Motion for Appeal" is a hybrid form of both a notice of
appeal and a motion for new trial.