# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## OPINION FOLLOWING REMAND

## NO. 03-02-00416-CR

**Joe Garcia, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT NO. 1010306, HONORABLE BOB PERKINS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Joe Garcia appeals his conviction for aggravated assault upon Samuel Melendrez by threatening Melendrez with imminent bodily injury while using a deadly weapon, a firearm. *See* Tex. Pen. Code Ann. § 22.02(a)(2) (West 1994). In a bench trial, the trial court found appellant guilty and, after finding that the allegations as to two prior felony convictions were true, assessed punishment at twenty-five years' imprisonment.

On original submission, this Court found that appellant had been deprived of his federal and state constitutional rights to counsel at a critical stage of the proceedings—the time to prepare, file, and present a motion for new trial. *Garcia v. State*, 97 S.W.3d 343 (Tex. App.—Austin 2003, no pet.). The appeal was abated and the cause remanded to the trial court, returning the case to the point where sentence was imposed and from which point a motion for new trial could be filed by appointed counsel. *Id*. at 349. That has now been done, the motion has been overruled, and the cause has been returned to this Court.

## Points of Error

Appellant now raises two points of error in his supplemental brief. The two points of error are interrelated. First, appellant contends that his due process rights under the federal and state constitutions were denied him when the trial court failed to conduct an *in-camera* review of the State's file for "favorable evidence." Second, appellant complains that he was deprived of his federal and state constitutional rights to the effective assistance of counsel *on appeal* when the trial court failed to take the above described action.

## The Joint Motion

After the remand to the trial court, appellant's appointed counsel filed a joint unsworn motion for new trial and motion to supplement the appellate record. The motion alleged that the "evidence is legally insufficient to prove the offense." The second part of the joint motion requested the trial court to conduct an in-camera inspection of the prosecutor's file and to provide appellant with all exculpatory, mitigating, or impeachment evidence therein. Further, appellant requested that

2

the trial court seal the prosecutor's file and make it a part of the appellate record. In the third part of the motion, appellant advanced "pretermitted grounds for new trial." Here, appellant contended that if an in-camera review by the trial court of the prosecutor's file showed exculpatory, mitigating or impeachment evidence, then he had been deprived of effective assistance of counsel on appeal and of due process as a result of the trial court's "previous denial" of an in-camera review. Further, appellant alleged that should the in-camera review reflect exculpatory-type evidence, appellant was deprived of the effective assistance of trial counsel by the denial of the in-camera request "until the present time" and was deprived of due process under *Brady v. Maryland*, 373 U.S. 83 (1963) "if [trial] counsel was not advised of the evidence." There was no allegation as to when any previous denial of an in-camera inspection occurred.

**Presentation**

On February 24, 2003, a recorded hearing was conducted. It may have been for the "presentation" of the motion for new trial to the trial court. *See* Tex. R. App. P. 21.6. Appellant's counsel announced that the motion for new trial and to supplement the record had been filed that date. The trial court set the motion for a hearing on March 25, 2003. The record then reflects:

> MR. CALHOUN [Defense Counsel]: All we're asking is that the rec [sic] will be supplemented with a sealed copy of the prosecution file. They can deliver it at that point, but we don't intend upon presenting any evidence. We rest upon the record.
>
> THE COURT: I need to review it, also . . . .

3

**The Hearing**

On February 25, 2003, the trial court conducted a hearing on the unsworn[1] joint motion. Appellant offered no evidence in support of the allegations in the motion. At the outset, the trial court summarily overruled the motion for new trial with regard to the legal sufficiency of the evidence to support the conviction.[2] The record then reflects:

THE COURT:        . . . On the motion to supplement record, what you want to do is
                  have the State's file sealed and sent up to the Court of Appeals;
                  is that right?

MR. CALHOUN:   That's correct, Your Honor, to review for any Brady material
                  that may be in there.

---

[1] If a motion for new trial is necessary to adduce facts not in the record, *see* Tex. R. App. P. 21.2, it must be supported by an affidavit though not required by statute. *Reyes v. State*, 849 S.W.2d 812, 816 (Tex. Crim. App. 1993); *Bearden v. State*, 648 S.W.2d 688, 690 (Tex. Crim. App. 1983); *Flores v. State*, 18 S.W.3d 796, 798 (Tex. App.—Austin 2000, no pet.). A motion for new trial alleging facts outside the record unsupported by affidavit is fatally defective and the trial court does not err in refusing to entertain such motion. *Flores,* 18 S.W.3d at 798; *Callahan v. State*, 937 S.W.2d 553, 560 (Tex. App.—Texarkana 1996, no pet.).

[2] In criminal cases, sufficiency of evidence issues need not be preserved or raised in the trial court in order to be reviewed on appeal. *Givens v. State*, 26 S.W.3d 739, 740-41 (Tex. App.—Austin 2000, pet. ref'd) (citing *Flanary v. State*, 316 S.W.2d 897, 898 (Tex. Crim. App. 1958) (op. on reh'g)); *see also In re A.P.*, 42 S.W.3d 248, 255-56 (Tex. App.—Waco 2001, no pet.); *Chesnut v. State*, 959 S.W.2d 308, 311 (Tex. App.—El Paso 1997, no pet.). A motion for new trial is not a prerequisite to preserving legal or factual sufficiency issues for review in a criminal case. *See Davila v. State*, 930 S.W.2d 641, 649 n.7 (Tex. App.—El Paso 1996, pet. ref'd). If the new trial motion presents matters that are determinable from the record, the trial court does not abuse its discretion by failing to conduct a hearing. *Macri v. State*, 12 S.W.3d 505, 510 (Tex. App.—San Antonio 1999, no pet.) (citing *Reyes v. State*, 849 S.W.2d 812, 816 (Tex. Crim. App. 1993)). Appellant raises no contention on appeal concerning the trial action in overruling the motion for new trial concerning the legal sufficiency of the evidence.

A running colloquy ensued until the end of the hearing. The trial court pointed out that it had granted appellant's pretrial *Brady* motion. The prosecutor noted that this action was taken on January 8, 2002, prior to trial, and that thereafter appellant's trial counsel (Walter Prentice) had "full access" to the State's file, an "open-file discovery." Appellant's counsel on appeal then stated: "I have no question that Mr. Prentice had everything that was in the file's file." Counsel then raised a new matter outside the supplemental record. He suggested the possibility that "the police department," an agency of the State, might have evidence that was never relayed to the district attorney. This was not a matter within the allegations of the motion and appellant's counsel did not assert that he had any knowledge of any unrelayed evidence or that he had even investigated the matter. He simply told the trial court that "this is something that I have noticed in Travis County in situations . . . ." The prosecutor, who had represented the State at trial, told the trial court that other than the offense report, the only evidence given by the police to the district attorney was photographs which had been shown to appellant's trial counsel and introduced into evidence. The prosecutor recalled a diagram that was drafted in court and introduced into evidence. She did not believe that the police had brought a separate diagram to trial. It was not in the State's file. The prosecutor indicated that she did not know of any unrelayed evidence. Appellant's counsel called no police agent or other witness to remove his concern from the realm of speculation. The trial court called counsel's attention to the fact that Mr. Prentice was then in the courtroom and in effect was available as a witness. The trial court questioned the need to transmit the prosecutor's file to the appellate court unless Prentice said there was something that he had not seen or "something new." Prentice was not called as a witness and counsel responded to the Court's inquiry: "Simply for the purpose

5

of completeness, Your Honor, and just so I can cover all bases possible for an appeal." The balance of the colloquy on the motion was a discussion of preparing and sealing the prosecutor's file for inclusion in the appellate record. The record then reflects:

THE COURT: . . . Okay. Does that take care of the motion to supplement the record?

MR. CALHOUN: Yes, it does, Your Honor. That's just an attempt to show no waiver of anything.

**Failure to Preserve Error**

There was no discussion or evidence that there had been an earlier denial of a request for an in-camera inspection by the trial court as alleged in the joint motion. Moreover, at no time during the hearing did appellant orally request that the trial court review the prosecution's file for any exculpatory and material evidence favorable to him that had not been previously revealed. Although the motion before the court included, *inter alia*, a request for an in-camera inspection of the prosecution's file by the trial court, appellant never obtained an adverse ruling on the request. Appellant has failed to preserve his complaint for appellate review. *See* Tex. R. App. P. 33.1(a)(1)(A)(B), (2)(A)(B); *Dixon v. State*, 2 S.W.3d 263, 265 (Tex. Crim. App. 1999); *DeRusse v. State*, 579 S.W.2d 224, 235 (Tex. Crim. App. 1979). Appellant mischaracterized the evidence when he stated that the trial court declined to conduct an in-camera inspection of the State's file at the hearing.

6

## If Error Was Preserved

If it can be argued that error was preserved for review, we observe that appellant failed to make a plausible showing necessary to require the trial court to make the in-camera inspection of the prosecution's file. In *Brady v. Maryland*, the United States Supreme Court held that the prosecution violates a defendant's due process rights when it suppresses evidence in its possession favorable to the defendant "where the evidence is material either to the guilt or to punishment irrespective of the good faith or bad faith of the prosecution." *Id.* 373 U.S. at 87. *Brady* evidence includes impeachment evidence as well as exculpatory evidence. *United States v. Bagley*, 473 U.S. 667, 676 (1986). Such evidence is material if there is a reasonable probability that, had the evidence been disclosed to the defense, the results of the proceeding would have been different. *Kyles v. Whitley*, 514 U.S. 419, 434 (1995); *Bagley*, 473 U.S. at 682. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome of the trial. *Bagley*, 473 U.S. at 682; *Ex parte Kimes*, 872 S.W.2d 700, 702-03 (Tex. Crim. App. 1993).[3]

In Texas, we have a limited statutory discovery procedure. *See* Tex. Code Crim. Proc. Ann. art. 39.14 (West Supp. 2003). A defendant in a criminal case does not have a general right of discovery of evidence in the possession of the State. *Kinnamon v. State*, 791 S.W.2d 84, 91 (Tex. Crim. App. 1990). Further, a defendant's due process right to have the State disclose *Brady* evidence favorable to him does not create a constitutional right to discovery. *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977); *Ealoms v. State*, 983 S.W.2d 853, 859 (Tex. App.—Waco 1998, pet. ref'd).

---

[3] It has been said that "[T]o invoke *Brady*, the accused must present evidence that: (1) the prosecution suppressed or withheld evidence; (2) the evidence would have been favorable to the accused; and (3) this evidence would have been material to the accused's defense." *Cruz v. State*, 838 S.W.2d 682, 686 (Tex. App.—Houston [14th Dist.] 1992, pet. ref'd) (citing *Moore v. Illinois*, 408 U.S. 786, 794-95 (1972)).

In the instant case, we are not confronted with a situation where the evidence shows that the State failed upon its own, or by request, or by court order to disclose *Brady* material thus violating appellant's due process right. Here, appellant's pretrial *Brady* motion was granted, appellant's trial counsel was given "full access" to the State's file, and appellant concedes that trial counsel had "everything" in the file. Nevertheless, despite what appears to be complete disclosure appellant in his posttrial motion requested an in-camera inspection by the trial court of the State's file to see if any *Brady* material was present. Appellant relies upon *Thomas v. State*, 837 S.W.2d 106 (Tex. Crim. App. 1992), which held that an accused did not have a right to complete disclosure but a right to have the trial court examine certain material in-camera and then order disclosure of any information the examination indicated was appropriate for disclosure. *Thomas* relied upon *Pennsylvania v. Ritchie*, 480 U.S. 89 (1987), in which the United States' Supreme Court held that a defendant is entitled to such procedure in his postverdict efforts to establish that his *Brady* due process right had been violated. *See* 42 George E. Dix & Robert O. Dawson, *Texas Practice: Criminal Practice and Procedure* § 22.35 (2d ed. 2001) [hereinafter Dix]. It is not clear from *Thomas* what predicate must be laid to trigger the right to the trial court's in-camera inspection. *Id*. *Ritchie* made clear, however, that a defendant is entitled to such procedure only if he first establishes a basis for his claim that the material contains evidence to which he is entitled under *Brady*. 480 U.S. at 58 n.15 (citing *United States v. Valenzuela-Bernal*, 458 U.S. 858, 867 (1982) ("He must at least make some plausible showing of how their testimony would have been both material and favorable to his defense.")); *see also Love v. Johnson*, 57 F.3d 1305, 1313 (4th Cir. 1998).

We conclude from our research that the test for triggering the requirement of an in-camera inspection by the trial court is some plausible showing that (1) the evidence exists and (2) the

evidence would be both material and favorable to the defense. *See Page v. State*, 7 S.W.3d 202, 215, 216 (Tex. App.—Fort Worth 1999, no pet.) (en banc) (Dauphinot, J., dissenting); *see also* Dix § 22.35. And in the case of *Ransonette v. State*, 550 S.W.2d 36 (Tex. Crim. App. 1976), the court stated: "Likewise, we know of no constitutional obligation of the trial court to peruse the prosecutor's file for exculpatory evidence in the absence of a specific request supported by some showing that such evidence exists." *Id*. at 40.

## Conclusion

Even if appellant had preserved error by obtaining an adverse ruling, he did not make the required plausible showing to have entitled him to the in-camera inspection by the trial court. Both points of error are overruled.

The judgment is affirmed.

_____

John F. Onion, Jr., Justice

Before Chief Justice Law, Justices Kidd and Onion[*]

Affirmed

Filed: September 11, 2003

Do Not Publish

---

[*] Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by assignment. *See* Tex. Gov't Code Ann. § 74.003(b) (West 1998).