# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-02-00720-CR

**Terrance Reed, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 403RD JUDICIAL DISTRICT NO. 3011330, HONORABLE FRANK W. BRYAN, JR., JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Terrance Reed appeals from his conviction for assault on a public servant. *See* Tex. Pen. Code Ann. § 22.01(a), (b)(1) (West 2003). After a jury found appellant guilty, the court found an enhancement paragraph true and assessed sentence at sixteen years' confinement in the Texas Department of Criminal Justice-Institutional Division. We affirm the trial court's judgment.

### Factual and Procedural Background

Appellant's issues do not require a detailed recitation of the underlying events leading to the charge against him. An Austin Police Department officer attempted to stop the car that appellant was driving for speeding. The car stopped; appellant and the passenger fled. During the chase, the officer tackled appellant, both ended up on the ground, and appellant attempted to choke

the officer, who was able to activate a panic button on his radio. Assistance arrived, and appellant was apprehended.

Appellant was indicted for the offense of assault on a public servant, enhanced by a prior conviction for felony aggravated assault with a deadly weapon. Although appellant plead guilty to the charged offense at his arraignment on September 3, 2002, at a pre-trial hearing that same day, he told the judge that he was not guilty of the alleged crime, so the case went to jury trial. Appellant appeared in court for a preliminary hearing, for *voir dire*, and for jury selection. However, he did not appear for trial. Although his absence from trial on the first morning was excused by a medical visit, his further absence was found to be voluntary, and he was tried *in absentia*.

Joe Gillett, an emergency room nurse at Brackenridge Hospital, testified that on the morning of trial, September 4, 2002, he treated appellant for abdominal pain, which was diagnosed as gastroenteritis. The emergency room physician discharged him with a prescription for an antacid. Gillett testified that appellant was alert, oriented, and ambulatory upon discharge. That afternoon, the court coordinator found a voicemail message saying that appellant was going to see a "lung specialist." After investigation, the court coordinator could not confirm that information, nor could he find that appellant had been admitted to any hospital. Nothing in appellant's records from the emergency room visit showed any treatment for difficulties with breathing or any indication of a referral to a pulmonologist on an emergency basis. Trial began late that afternoon. Appellant failed to appear for the trial's second day as well.

Five witnesses testified for the State; one for the defense. Counsel for defendant protested the trial proceeding without appellant present but vigorously cross-examined the witnesses.

2

At the close of defense arguments, counsel moved for a directed verdict as to one of the two manner and means that were alleged in the indictment. The judge ruled that the State had not sufficiently proved that appellant caused bodily injury by pushing the officer on the torso, and the jury was limited to deciding whether appellant caused bodily injury by choking the officer. The jury returned a verdict of guilty on the charged offense. Appellant had not elected for jury sentencing, and the court determined that the allegations in the enhancement paragraph were true. On September 26, 2002, in appellant's presence, the court sentenced appellant to sixteen years' confinement in the Texas Department of Criminal Justice-Institutional Division.

Appellant was initially appointed trial counsel. He then opted to retain counsel, who represented appellant at trial. On September 18, 2002, on a form for declaring indigence and requesting appointed counsel, appellant filled out and signed the section indicating that he chose to have retained counsel. On October 18, 2002, in a *pro se* notice of appeal, appellant requested appointed counsel. On October 23, 2002, the court appointed counsel, who timely filed a motion for new trial, which was overruled. Appellant filed an untimely motion to amend the motion for new trial, which was overruled.

This appeal followed. Appellant brings eleven points of error, contending: (1) the appeal should be abated to determine if the presumption appellant was effectively represented by trial counsel during the time for investigating, preparing, and filing a motion for new trial was rebutted; (2) the appeal should be abated to give appellant a hearing on an out-of-time motion for new trial; (3) appellant was denied his right to counsel during a critical stage, violating the Fifth, Sixth and

3

Fourteenth Amendments to the United States Constitution; (4) appellant was denied his right to counsel during a critical stage, violating article I, sections ten and nineteen of the Texas Constitution; (5) appellant was denied effective assistance of counsel on appeal, violating the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution; (5) appellant was denied effective assistance of counsel on appeal, violating article I, sections ten and nineteen of the Texas Constitution; (7) the court erred in its jury charges concerning appellant's absence from trial; (8) the court erred in trying appellant *in absentia*, violating the Sixth and Fourteenth Amendments to the United States Constitution; (9) the court erred in trying appellant *in absentia*, violating article I, sections ten and nineteen of the Texas Constitution; (10) the court erred in trying appellant *in absentia*, violating Texas Code of Criminal Procedure article 33.03; and (11) the court erred by sentencing appellant without a pre-sentence report.

**Discussion**

*Denial of Right to Counsel*

In his first six points of error, appellant complains that he was denied his right to counsel at a critical stage of the process, violating his rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article I, sections ten and nineteen of the Texas Constitution; that the appeal should be abated to determine if the rebuttable presumption that appellant was effectively represented by counsel during this critical stage was overcome and so that appellant may file and have a hearing on an out-of-time motion for new trial; and appellant was denied effective assistance of counsel on appeal, violating his rights under the Fifth, Sixth and

4

Fourteenth Amendments to the United States Constitution and Article I, sections ten and nineteen of the Texas Constitution.

In *Garcia v. State*, 97 S.W.3d 343, 347 (Tex. App.—Austin 2003, no pet.), this Court held that the time period for filing a motion for new trial was a critical stage. In *Garcia*, trial counsel was appointed. The court told counsel in open court that counsel was released from his representation of defendant, but there was a delay in appointing new counsel. *Id.* at 346. The appellant filed a *pro se* motion for new trial, which was executed on June 12, but not filed until June 20, past the time limit for filing the motion. *Id.* This court held that appellant was actually and constructively denied counsel during a critical stage. *Id.* at 348.

In appellant's case, however, he was represented by retained counsel at trial. On the form on which he could have declared indigence and asked for appointed counsel, he affirmatively represented to the court that he was retaining counsel.[1] Only on October 15, on a *pro se* notice of appeal, did he finally inform the court that he wanted court-appointed counsel. Counsel was appointed on October 23, 2002; the motion for new trial was due October 28, 2002.[2] The motion for new trial was timely filed.

Appellant timely filed a *pro se* notice of appeal. Filing a *pro se* notice of appeal is evidence that an appellant was aware of some of his appellate rights, and, under such circumstances, the court presumes that the appellant was adequately represented unless the record affirmatively

---

[1] Appellant signed and dated the form.

[2] The last day of the filing period was Saturday, October 26, 2002, thus extending the deadline to Monday. Tex. R. App. P. 4.1(a).

5

indicates otherwise. *See Oldham v. State*, 977 S.W.2d 354, 363 (Tex. Crim. App. 1998). Here, the record does not show why appellant waited so long to notify the trial court of his need for an attorney. Nor does the record show what discussions appellant may have had with retained counsel or what attempts he made to secure retained counsel. The motion for new trial was timely filed. The record does not rebut the presumption of adequate representation. Further, accepting appellant's argument would create many opportunities for mischief—what if an appellant represented to the court that he would have retained counsel and only changed his mind the day before the motion for new trial was due?

Unlike two cases appellant relies on, *Jack v. State*, 42 S.W.3d 291, 292-93 (Tex. App.—Houston [1st Dist.] 2001, pet. granted) and *Prudhomme v. State*, 28 S.W.3d 114, 120 (Tex. App.—Texarkana 2002, pet. ref'd), appellant's counsel filed a timely motion for new trial.

We hold that appellant was not denied his right to counsel during a critical stage and overrule issues three and four. Because we hold he was represented by counsel during this critical stage, there is no need to abate the appeal to determine whether appellant was represented and to allow an out-of-time motion for new trial based on his lack of representation. We overrule issues one and two.

Appellant contends that he was denied effective assistance of counsel on appeal. Appellant argues that if appointed counsel had more preparation time, counsel could have filed a more effective motion for new trial and thus, appellant would have had a more effective appeal.[3]

---

[3] For example, appellant lists numerous errors at trial about which he asserts that he could have developed a record at a hearing on a motion for new trial, presumably to avoid the disposition of an

6

As stated earlier, the court promptly appointed counsel after it was notified that appellant had declared himself indigent. The trial record in this case is not a lengthy one that would require a large amount of time to analyze to determine whether an ineffective assistance point should be raised in a motion for new trial. We overrule appellant's issues five and six.

*Trial* **In Absentia**

In issues eight, nine, and ten, appellant contends that the trial court's action in trying him in his absence violated the Sixth and Fourteenth Amendments to the United States Constitution, article I, sections ten and nineteen of the Texas Constitution, and article 33.03 of the Texas Code of Criminal Procedure.

We review a trial court's findings regarding an appellant's absence from trial using an abuse of discretion standard. *Moore v. State*, 670 S.W.2d 259, 260-61 (Tex. Crim. App. 1984) ("Absent any evidence from the defendant to refute the trial court's determination that his absence was voluntary, we will not disturb the trial court's finding."). In this case, the trial court made findings on the record concerning appellant's absence. After jury selection, the trial court instructed the jurors to return the next morning. The judge was told when he arrived the next morning that appellant was at Brackenridge Hospital in the emergency room. The court confirmed that information and instructed the jury that a "participant" in the trial had a health emergency and to re-

---

issue on ineffective assistance at trial by reference to a lack of a record. *See Ex parte Duffy*, 607 S.W.2d 507, 517-18 (Tex. Crim. App. 1980). Issues concerning ineffective assistance can be developed in a habeas proceeding as well. *See Ex parte Torres*, 943 S.W.2d 469, 475 (Tex. Crim. App. 1997) (writ of habeas corpus usually appropriate vehicle to investigate ineffective-assistance claims).

convene at 1:45. Appellant did not appear. He left a voicemail message at the court coordinator's telephone number saying that he was going to a "lung specialist" that afternoon.

The court confirmed that he had been discharged from Brackenridge Hospital. The court confirmed with the emergency room that appellant was treated for an upset stomach and given medication. The emergency room nurse testified concerning appellant's treatment and his condition upon discharge, stating that appellant was "alert, oriented, and ambulatory" at his discharge. Medical records in evidence showed treatment for gastroenteritis, with a prescription for an antacid. There is no indication in the record that appellant was referred for a visit to a pulmonologist or otherwise had a valid medical reason for failing to attend court. Appellant's vague assertions about medical treatment in a message are not enough to show that the trial court abused its discretion in proceeding in his absence. *See Moore*, 670 S.W.2d at 260-61. We overrule issues eight, nine, and ten.

### *Jury Charge*

In his seventh issue, appellant contends that the trial court incorrectly instructed the jury on how to treat the evidence regarding appellant's absence because its instruction improperly commented on, and gave particular weight to, the evidence of flight. After a preliminary hearing outside the presence of the jury about whether the prosecution could introduce the evidence concerning appellant's absence and possible flight, the judge allowed the evidence to be presented to the jury. The court determined that the evidence was relevant on the issue of flight and consciousness of guilt, and its probative value was not outweighed by the danger of prejudice. *See*

8

Tex. R. Evid. 403. The State's witnesses testified about the lack of any medical reason for appellant's non-attendance.

The disputed portion of the court's charge is:

> The defendant is on trial solely on the charge contained in the indictment. In reference to evidence, if any, that the defendant participated in recent transactions or acts, other than that which is charged in the indictment in this case, you are instructed that you cannot consider such other transactions or acts, if any, for any purpose unless you find and believe beyond a reasonable doubt that the defendant participated in such transactions or committed such acts, if any; and even then you may only consider the same for the purpose of determining the defendant's intent or knowledge, or to explain the defendant's absence from trial, if it does, and for no other purpose.

The charge allowed the jury to draw a permissible inference concerning appellant's intent and knowledge. Evidence of absence or flight can lead to an inference about whether the appellant has a guilty conscience about his crime. *See McWherter v. State*, 607 S.W.2d 531, 535 (Tex. Crim. App. 1980); *Thames v. State*, 453 S.W.2d 495, 501 (Tex. Crim. App. 1970). The instruction did not comment on or unduly highlight the evidence concerning appellant's absence; the reference to his absence came only at the end of a fairly obscure paragraph and referred simply to using the evidence to explain defendant's absence from the trial. *Cf. Giesberg v. State*, 945 S.W.2d 120, 124 (Tex. App.—Houston [1st Dist.] 1996), *aff'd on other grounds*, 984 S.W.2d 245 (Tex. Crim. App. 1988) (instruction that evidence of flight "to avoid arrest and prosecution" was "some evidence of defendant's guilt" erroneous because impermissibly singled out evidence of flight).

Appellant has failed to show error in the jury charge. Accordingly, we overrule his seventh issue.

9

*Sentencing*

In his eleventh issue, appellant contends that the trial court failed to order a mandatory pre-sentence investigation (PSI) report. Appellant did not object to the lack of a PSI. The court of criminal appeals has outlined three types of rights for defendants:

> (1) absolute requirements and prohibitions; (2) rights of litigants which must be implemented by the system unless expressly waived; and (3) rights of litigants which are to be implemented upon request. . .[f]orfeit and procedural default are synonymous; both refer to the loss of a claim or right for failure to insist on it by objection, request, motion, or some other behavior calculated to exercise the right in a manner comprehensible to the system's impartial representative, usually the trial judge.

*Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993). Appellant's right to a PSI report falls within the third category:

> [T]he article 42.12, section 9 right to have a trial court order preparation of a PSI report before sentencing falls within the third category as outlined in *Marin* and is, therefore, forfeitable by inaction. When appellant failed to draw the trial court's attention to the lack of a PSI report after punishment was assessed but before sentencing, he waived his right to the use of the report and to complain of its non-existence on appeal. We hold, therefore, that appellant failed to preserve his complaint for appellate review.

*Wright v. State*, 873 S.W.2d 77, 83 (Tex. App.—Dallas 1994, pet. ref'd). Appellant did not object to the absence of a PSI at any point in the trial court proceedings and so cannot complain of its non-existence on appeal. We overrule appellant's eleventh issue.

## Conclusion

We have considered and overruled all of appellant's issues.  We affirm the trial court's judgment.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices B. A. Smith and Patterson

Affirmed

Filed:   January 8, 2004

Do Not Publish