# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00399-CR

**Charles Reedy, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT NO. 3020112, HONORABLE JON N. WISSER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Charles Reedy appeals from his conviction of murder and sentence of thirty years' confinement in the Texas Department of Criminal Justice Institutional Division. *See* Tex. Pen. Code Ann. § 19.02 (West 2003). In seven issues, he asserts that the evidence was legally and factually insufficient, that certain testimony should have been excluded, and that he received ineffective assistance of counsel. For the reasons explained below, we will abate the appeal to allow his court-appointed appellate attorney to file a motion for new trial.

## BACKGROUND

Reedy was found guilty of murder and sentenced on April 14, 2003. After the sentence was announced, Reedy's trial attorney, Tomas Garza, informed the court that he had filed

a motion to withdraw.[1]  Later in the hearing, Garza stated that Reedy "does want to perfect an appeal. I will send him the paperwork, and I told him that you would appoint him another attorney."  The court replied "Sure.  We'll immediately appoint an appeal attorney today."  Reedy thanked the court, and the hearing ended.

The next day, Garza sent Reedy a letter informing him that he had a right to appeal within thirty days.  He enclosed a blank notice of appeal form "in order to notify the Judge that you want to appeal your case."  The letter included instructions on where to send the notice of appeal and stated that "another attorney will be appointed to represent you."  However, the letter also instructed Reedy that if he did not hear from his appellate attorney within ten days, he should file the notice of appeal.  On April 25, Reedy filed a *pro se* motion for new trial.  The order appointing a new attorney was not signed until May 23, nine days after the deadline for filing a motion for new trial.[2]  Reedy was then represented by counsel at a hearing on the motion for new trial, which was denied.  This appeal follows.

**DISCUSSION**

An accused is entitled to counsel by virtue of the Sixth Amendment to the United States Constitution at "every critical stage of a criminal prosecution" where the adversarial proceedings have begun, absent a valid waiver of the right to counsel.  *See Upton v. State*, 853 S.W.2d 548, 553 (Tex. Crim. App. 1993); *Garcia v. State*, 97 S.W.3d 343, 346-347 (Tex.

---

[1]  Garza's motion to withdraw is dated April 14, and file-stamped April 16.

[2]  That same day, his appellate counsel filed a notice of appeal, apparently unaware that a motion for new trial had been filed and was pending.

2

App.—Austin 2003, pet. ref'd); *see also Massingill v. State*, 8 S.W.3d 733, 736 (Tex. App.—Austin 1999, no pet.). Without question, the hearing on a motion for new trial is a critical stage of the proceedings. *Connor v. State*, 877 S.W.2d 325, 326 (Tex. Crim. App. 1994); *Garcia v. State*, 97 S.W.3d at 346-347. "It is the only opportunity to present to the trial court certain matters that may warrant a new trial and to make a record on those matters for appellate review." *Trevino v. State*, 565 S.W.2d 938, 940 (Tex. Crim. App. 1978). If a hearing on a motion for new trial is a critical stage of the proceedings, "then logic dictates that the time period for filing a motion [for new trial] is also a critical stage of the proceedings." *Garcia*, 97 S.W.3d at 347 (quoting *Burnett v. State*, 959 S.W.2d 652, 656 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd)).

In order to prevail on a claim of deprivation of counsel during the time to prepare, file, and present a motion for new trial, an appellant must affirmatively prove that he was not represented by counsel during a critical stage of the proceedings. *Garcia*, 97 S.W.3d at 347. The State concedes that Reedy met this burden but argues that the absence of an attorney was not prejudicial. However, in a criminal case, we do not conduct a harm analysis where the defendant was completely denied counsel. *See Johnson v. State*, No. PD-1623-03, 2005 Tex. Crim. App. LEXIS 818, at *14-15, 22-23 (Tex. Crim. App. May 25, 2005) ("If, in essence, the defendant has been completely denied counsel, then a harm analysis does not apply."); *see also United States v. Cronic*, 466 U.S. 648, 659 (1984).

Accordingly, we abate the appeal and remand the cause to the trial court to afford Reedy the opportunity to file a new motion for new trial within thirty days from the date of this opinion. We do not pass upon or comment upon the merits of the motion for new trial or the points

of error raised.  If the motion for new trial is granted by the trial court, this record should be supplemented with a copy of the written order.  The appeal will then be dismissed.  If the motion for new trial is overruled by the trial court, this record should be supplemented with a copy of the written order, a copy of the court reporter's record of the hearing, and all other matters pertaining to the procedure after remand.  *Taylor v. State*, 163 S.W.3d 277, 284 (Tex. App.—Austin 2005, no pet.); *see Garcia*, 97 S.W.3d at 349.  The parties will then be permitted to brief any issues properly raised. *Id*.; *cf. Massingill*, 8 S.W.3d at 736.


_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices B. A. Smith and Pemberton

Filed:   September 30, 2005

Do Not Publish